## CUÉVAS *v*. CITY OF GULFPORT.

[99 So. 503.   No. 24000.]

(Division B. April 7, 1924.)

CRIMINAL LAW.   *Evidence obtained by search, inadmissible until warrant and affidavit produced.*

In a prosecution for violating the laws against possession of intoxicating liquors, evidence obtained by a search cannot be admitted over the objection of the defendant until the affidavit for a search warrant and the search warrant are produced in court, or their loss or destruction shown, unless there has been a waiver of them at the time of the search.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

L. Cuevas was convicted of the unlawful possession of intoxicating liquors, and he appeals. Reversed and remanded.

*Mize & Mize,* for appellant.

Here, a man's residence was searched by officers who claimed they had a search warrant; they don't testify that the search warrant sufficiently described appellant's house or his premises or anything of the kind. They just said that they had a search warrant and it was returned to Judge Bellande's court, and the court then allowed the officers to go ahead and give testimony as to what they found in appellant's house and on his premises and on the land on the outside of his premises, when at every stage of the proceedings appellant was objecting to the introduction of such testimony until they produced the search warrant or sufficiently accounted for its loss.

Of course such evidence could not have been admitted without a search warrant, under the well-known Tucker Case and later authorities. Before the officers could tes-

tify as to what they found on appellant's premises, they should first have produced the warrant; and, when appellant objected to the admission of such evidence when no search warrant was introduced, the officers should either have produced the warrant or sufficiently accounted for its loss.  As a matter of fact, it may be seriously doubted whether there was any search warrant, or they would have had it from Bellande's court, as he is a well known justice of the peace in Gulfport; and, be it said to the credit of the officers, they did not attempt to show that the warrant described Cuevas' house and Cuevas' premises.

No brief filed for appellee.

Etheridge, J., delivered the opinion of the court.

The appellant was tried and convicted in the city court of Gulfport for having intoxicating liquors in his possession, and appealed to the circuit court of Harrison county, where he was again tried and convicted, and from the judgment of conviction appeals.

The testimony shows that the officers searched the premises of the appellant, having procured papers to be issued by a justice of the peace for such search, and the officers were tendered as witnesses and stated that they made the search by virtue of a warrant.  The defendant objected to the introduction in evidence of anything found in the house unless the search warrant was produced, which objection was overruled and exception taken.

It appeared that the warrant under which the search was made was returned to the justice of the peace who issued it, but neither the warrant nor the affidavit upon which it was issued were produced or their absence accounted for, or the loss proven.  The officers then testified that they searched and found a bottle of whisky in the house, and then went outside and began to search

around the outside and found some empty jugs and some whisky in the jug on the outside of the house. There were about two gallons of whisky produced by the search.

The defendant did not testify, but at the conclusion of the state's evidence moved to exclude all of the evidence and for a discharge, which motion was overruled and exception taken.

Since this court has held in numerous cases, beginning with *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, that evidence secured against the defendant without having procured a search warrant is inadmissible, it follows logically that to make such evidence obtained by a search admissible the state must produce a proper affidavit and, search warrant issued thereon, showing a legal search, before the things found by reason of the search can be offered in evidence, unless the defendant expressly waived the search warrant at the time of the making of the search, and there is no suggestion of any waiver in the present case. There was no proof of loss or destruction of the affidavit and warrant, nor of their contents, and therefore the evidence introduced in this case was incompetent, and there was no competent evidence offered upon which the conviction may be sustained. The *Tucker Case, supra,* was reaffirmed in *Owens* v. *State* (Miss.), 98 So. 233, and these cases have been followed in numerous other cases. In *Falkner* v. *State,* (Miss.), 98 So. 691, we held that the provisions of the Constitution of 1890, section 23, extend to all of the property and possessions of the citizen, and that no part of his property can be invaded and searched without a search warrant procured in the legal manner.

For the error indicated, the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*