## WELLS *v.* STATE.[*]

(Division B.   June 9, 1924.)

[100 So. 674.   No. 23690.]

CRIMINAL LAW.   *Affidavit and search warrant must be produced on demand or loss explained before evidence obtained by unlawful search admissible.*

> In a criminal prosecution, where evidence obtained by a search of the premises of the accused is offered and objected to, and a demand made that the affidavit and warrant for search be produced before evidence is received, the affidavit and warrant must be produced or its loss proven, or proof of a waiver at the time of the search be shown, before the evidence obtained by the search is admissible. *Cuevas* v. *City of Gulfport* (Miss.), 99 So. 503, cited.

---

*Headnote 1.   Criminal Law, 16 C. J., section 1110.

APPEAL from circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.

Mary Wells was convicted of the unlawful possession of intoxicating liquor, and she appeals. Reversed and remanded.

*Mize & Mize,* for appellant.

The court erred in permitting the witnesses Murphy, Byrd and Fairley to testify as to what they found in the search of the premises for the reason that there was no search warrant produced nor its absence accounted for so as to permit secondary evidence.

The evidence shows that the search warrant was either at the police station or at the circuit court, and the state made no effort to locate it or to make any search for it whatever, but was permitted, over the repeated objections of appellant, to show its contents and to show that it described Mary Wells' premises and then to testify what they found on the search.

It is so clearly established that a written instrument is the best evidence of its contents, and that, before its contents can be proven otherwise, its absence must be accounted for by showing that a search had been made of the places or persons where it was usually kept or required to be kept, that it needs no citation of authority. The evidence was clearly inadmissible under the Tucker case and other cases since decided.

*E. C. Sharp,* Assistant Attorney-General, for the state.

We have been unable to find any opinions by this court upon a similar statement of facts, but in *Nelson Harris* v. *The State,* No. 23435 on the docket of this court, recently decided, but in which no opinion was rendered, we find an identical statement of facts to exist. The record in the Harris case discloses the fact that objection was made to the introduction of testimony before the affidavit and search warrant were produced.

In the present case, the testimony is uncontradicted that a copy of a warrant had been served upon appellant and she was therefore, in a position to know whether or not it was regular on its face, and there is nothing in the record to indicate that the affidavit and search warrant were not in due and regular form and properly issued.

The general rule is that all defenses charging a viola-

tion of the prohibition laws are in the nature of affirmative defenses and the burden of proving same is always on the defendant.

In all cases the acts of the court are presumed to be regular and proper, and unless it is affirmatively shown to be otherwise, this presumption will prevail.

ETHRIDGE, J., delivered the opinion of the court.

Mary Wells, the appellant, was indicted, tried, and convicted for the unlawful possession of intoxicating liquors, and from such conviction appeals. The liquor was found by means of a search warrant, and, when evidence of the officers making the search was offered, and they stated that they made the search by reason of the search warrant, the defendant objected, unless and until the search warrant and affidavit were produced, which objection was overruled. The officers stated that they had a warrant, and that it was returned to the particular court from which it was issued, and that they did not know where it was. There was no evidence at all of a search for the affidavit and warrant or that they were in fact lost, and they were not produced at the trial.

We held in *Cuevas* v. *City of Gulfport* (Miss.), 99 So. 503, that the search warrant and affidavit must be produced, where the evidence was sought to be admitted, or the absence or loss must be accounted for, or else there must be a waiver of the search warrant by the defendant at the time of the search, and reversed the conviction because the search warrant and the affidavit upon which it was issued were not produced at the trial. The facts in this case are practically the same, and this case is controlled by the Cuevas case.

The judgment will therefore be reversed, and the cause remanded.

*Reversed and remanded.*