# CHARLESTON.

## STATE v. TOM SLAT.

### (No. 5124.)

Submitted March 3, 1925.    Decided March 10, 1925.

CRIMINAL LAW—*Prosecution Must Show Search and Seizure Warrant was Valid Before Introducing Evidence Secured Thereby; Until it Has Been Shown That Search Warrant Cannot be Produced, Verbal Evidence of its Contents Cannot be Introduced.*

Before evidence secured by virtue of a search and seizure warrant can be introduced in a criminal prosecution resulting from such search and seizure, it is incumbent upon the prosecution to show that the search and seizure warrant was valid. The warrant itself is the best evidence of its contents and validity, and if it be not produced, verbal evidence of its contents cannot be introduced until it has been shown that the warrant cannot be produced.

(Criminal Law, 16 C. J. §§1204, 1919, 2181.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Tom Slat was convicted of operating a moonshine still, and he brings error.

*Reversed; verdict set aside; new trial awarded.*

*Russell L. Furbee,* for plaintiff in error.

*E. T. England,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

LIVELY, PRESIDENT:

Convicted by a jury in the Criminal Court of Marion County and sentenced to confinement for two years in the penitentiary, on an indictment for operating &c., a moonshine still, and being refused a writ of error by the circuit court, defendant prosecutes error to this court.

Officers armed with authority of a paper issued by a justice of the peace and which they termed a search warrant, upon search of defendant's premises found a quantity of moonshine liquor in his dwelling, and discovered a moonshine still, a quantity of mash and moonshine liquor in an excavation under his chicken house, reached by a trap-door in the floor. These contraband articles were confiscated by them and a portion thereof introduced in evidence on the trial, over defendant's objection. He was placed under arrest, conveyed before Justice Blocker and held under bond. One of the officers made a return on the search and seizure warrant, which appears to have been mailed by Justice Blocker together with the bond, to Justice of the Peace Ashcraft, who issued it, to his address at Grant Town. Lieutenant Layman of the State Constabulary was supposed to have made the complaint on which the search warrant was issued by Justice Ashcraft. Layman was in charge of the raid and had the warrant on which he made a return. He was not a witness. A subpœna was issued for Justice Ashcraft by the State on the day of the trial, but no attempt was made to serve it, except to ascertain over the telephone that he was not at home. The search warrant was not produced, and its absence is accounted for as above set out. The State's evidence secured by reason of the search warrant, (and all of the material evidence was secured in that way), was objected to by defendant as improper, but the trial court held that as the officers said they had a search warrant, it would be assumed that they had a proper search warrant, duly executed, for the search of defendant's premises, and permitted the evidence to go to the jury. The case turns upon whether the evidence was admissible in the absence of the search warrant, as thus accounted for.

Any search of a person's house without a valid search warrant is an unreasonable search under Sec. 6, Art. 3, Constitution of West Virginia, which says the rights of the citizens to be secure in their houses, persons &c. against unreasonable searches and seizures shall not be violated. *State* v. *Wills,* 91 W. Va. 659, 669. Being unreasonable, it is unlawful. It is vitally necessary to the validity of such warrant that it

has been issued upon probable cause supported by oath or affirmation particularly describing the place to be searched, or the person or thing to be seized. If the warrant be not so issued, and does not show these necessary particulars it is void, and the search, seizure and arrest thereunder are unreasonable. Evidence obtained by such a void warrant cannot be used. In the absence of the warrant and the complaint on which it was issued we are left to surmise as to what was in either. Was there probable cause supported by oath or affirmation? Were the premises to be searched sufficiently described, and was there a sufficient description of the person to be arrested and the thing to be seized? Before the introduction of evidence obtained under the warrant, it was incumbent on the State to first prove there was a valid search warrant in the hands of the searchers. The warrant and complaint was the best evidence of its validity and sufficiency. It was attempted to be supplied by secondary evidence of the officers who were permitted to detail what it contained. They said it was a ''search warrant'' issued by Justice Ashcraft for the search of defendant's premises, and supposed to have been issued upon the complaint of Lieutenant Layman. The State relies upon *State* v *Neal,* 96 W. Va. 456, 123 S. E. 191, as authority for the introduction of the evidence in the absence of the search warrant and complaint. Judge MEREDITH was careful to say in the *Neal* case that the evidence of the contents of the search warrant was permissible because the search warrant was lost and after careful search could not be found. The evidence of the contents was positive and clear. The form of the warrant was introduced. The parts written in were supplied with reasonable certainty and clarity. In the instant case the warrant was not lost; it was near at hand in Justice Ashcraft's office, or should have been there. No search was made for it, nor was Ashcraft summoned to account for its absence. Because Ashcraft was not at home when the case was called would not justify the presumption that this vital paper was lost, mutilated or destroyed. The State elected to go to trial with its most important documentary evidence lacking, and one of its most important witnesses absent. Even if it had been

shown that the warrant and its basis, the complaint, were lost or destroyed and could not be produced, it is doubtful if the verbal evidence relied upon to prove their contents was sufficiently full and accurate to show the validity of the missing papers. We are not concerned about the guilt or innocence of the accused. The evidence was damaging. The only point before us is the admissibility of the damaging evidence. Clearly it was not admissible. If, when a search warrant and affidavit are at hand, but are not produced, it can be presumed that there is a valid and lawful search warrant, there would be little necessity in preserving such papers; all that would be necessary for the officers to say in justification of their search would be that they had a search warrant issued by a justice of the peace. Such holding would be an open door for all kinds of abuses, and the constitutional guaranty would be of little practical value in the protection of the home and person from unreasonable searches and seizures.

The judgment will be reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*