## MITCHELL *v*. STATE.*

(Division B. April 20, 1925. Suggestion of Error Overruled May 11, 1925.)

[103 So. 815. No. 24861.]

1. INTOXICATING LIQUORS. *Exceptions in act, making possession of still offense, held negatived by indictment.*

   Exceptions as to exclude use for lawful purposes, contained in statute making possession of a still an offense, *held* negatived by indictment alleging distinctly that still was owned, possessed, and controlled by defendant for use in the unlawful and felonious manufacture of intoxicating liquor.

2. CRIMINAL LAW. *Copies of lost search warrant and affidavit therefor admissible on defendant's demand for showing before admission of evidence obtained.*

   Where search warrant and affidavit therefor have been lost, copies thereof are admissible on defendant demanding their production before evidence obtained thereby be admitted.

3. INTOXICATING LIQUORS. *Evidence held sufficient to sustain conviction of unlawful possession of still.*

   Evidence *held* sufficient to sustain conviction of unlawful possession of a still, under defendant's house, showing recent use, and accessible only through floor in his room.

*Headnotes 1. Intoxicating Liquor, 33 C. J., Section 447; 2. Intoxicating Liquor, 33 C. J., Section 494 (1926 Anno; 3. Intoxicating Liquor, 33 C. J., Section 502.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

Sam Mitchell was convicted of unlawful possession of a still, and appeals. Affirmed.

*J. D. Guyton,* for appellant.

### I.

The indictment in this case is drawn under chapter 211, Laws of 1912, which statute contains several ex-

ceptions.   The demurrer to the indictment is on the ground that the indictment in this case fails to negative the exceptions specified in the statute.   This demurrer was overruled, which is error.   *State* v. *Speaks* (Miss.), 96 So. 176; *Dawsey* v. *State* (Miss.), 100 So. 526.

## II.

The defendant objected to the testimony of the officers on the ground that such evidence was obtained by means of a search warrant, and demanded the production of the affidavit and the search warrant before admitting their testimony.   This demand for the production of these papers is founded on the decisions of this court in *Cuevas* v. *City of Gulfport,* 99 So. 503, and *Wells* v. *State,* 100 So. 674.

The state thereupon attempted to prove the loss of the affidavit and the search warrant, and to prove the contents of the originals of these instruments by secondary evidence.   The court, over objection of the defendant, permitted the proof of the contents of these instruments by allowing the witness Gilliland to make out from memory on a blank form an alleged copy of each, after making, as defendant contends, an insufficient showing and proof of the loss of said instruments.   Without restating what the record shows in this regard it is submitted that the proof of loss of these instruments falls short of the last requirements; and especially is this true with regard to the alleged affidavit for a search warrant.   The rule of evidence on this question is stated by Jones on ''Evidence'' (3 Ed.), sec. 213.   See also *Boulden* v. *State,* 15 So. 341 (Ala.) 343; Wharton's Criminal Evidence (10 Ed.), sec. 119.   To the same effect are: Underhill, Criminal Evidence (3 Ed.) sec. 94; 8 Encyclopedia of Evidence, 350 to 355; *Page* v. *State,* 59 Miss. 474 at 479.

Applying the law thus quoted to the facts of this case it will be clearly seen that the showing made in the trial court of the loss of the affidavit and search warrant was

insufficient, and especially is this true with regard to the affidavit.

The office of justice of the peace is constitutional. Section 2227, Hemingway's Code, makes his court a court of record. Section 2225, Hemingway's Code, requires him to keep a docket in which he shall enter the names of plaintiff and defendant, the character of the suit, the time of issuing process, copy of the return made by the officer, and proceeding from him touching the suit: "And he shall make like entries of all proceedings of a criminal nature before him heard and determined."

It is apparent from these statutes that in this case J. L. Hull, the justice of the peace before whom the affidavit was made, should have made the proper entries on his docket, and for ought we know he did make such entries. The affidavit should have been left in his possession, and it likely was left there. The record shows this affidavit was never seen again. Certain it is that the defendant has never had any opportunity to see and examine this affidavit, a document which to him being charged with a felony is all important. The state did not pro-duce Mr. Hull as a witness, nor did it make any showing whatever that Mr. Hull had ever been called upon to tell where this affidavit was. He of all men should have been called to testify as to the whereabouts of this affidavit before the trial court should have permitted the officer who made that affidavit to fill out from memory an alleged copy thereof and introduce same as evidence in this case.

### III.

It is submitted that the evidence was insufficient; that all such evidence was purely circumstantial, and as a matter of law is not inconsistent with the innocence of the defendant. *Clark* v. *State* (Ala.), 90 So. 16; *Fillmore* v. *State*, (Ala.) 92 So. 94; *Moon* v. *State*, (Ala), 95 So. 830; *Hansan* v. *State* (Ala.), 96 So. 655; *Clark* v. *State*, 90 So. 16; *Riley* v. *State*, 60 So. 725.

To the same effect see: *Bowman* v. *State* (Miss.), 73 So. 787; *Dillard* v. *State* (Miss.), 73 So. 799; 16 C. J. Criminal Law, sec. 2707.

*F. S. Harmon,* Assistant Attorney-General, for the state.

Appellant contends that this indictment is insufficient in that the exceptions contained in chapter 211 of the Laws of 1922, are not specifically denied. The state contends that since this affidavit affirmatively charges this appellant with having this still in his possession and used by him in the unlawful and felonious manufacture of intoxicating liquor, the affirmative statement of this unlawful use specifically set forth, in and of itself excludes lawful uses. It seems clear that even if I possess a still and use it five days in the week for the distillation of water, but use it on the sixth and seventh days for the unlawful manufacture of intoxicating liquor, then this unlawful use contravenes the statute and turns the still itself into contraband. Where the positive and affirmative charge so specifically defines the illegal use as to exclude other and lawful uses, then neither the Speaks nor the Dawsey cases are in point; and this court, without overruling them, can readily affirm this case on this point.

## II.

THE AFFIDAVIT AND SEARCH WARRANT BEING LOST, THE SECONDARY EVIDENCE IN THIS REGARD WAS PROPERLY INTRODUCED AND WAS SUFFICIENT TO ESTABLISH THE FACT THAT THE OFFICERS ACTED BY VIRTUE OF A VALID SEARCH WARRANT BASED UPON PROPER AFFIDAVIT. Since the defendant admitted that there was a warrant, the state contends that the burden was on the defendant to show that the warrant was improper, since there is a well settled presumption that a judicial officer does his duty, and it will be presumed here from the showing made, that since

a warrant was issued, it was a due and proper warrant and the burden is on the appellant to show the contrary. We respectfully submit to this court that a proper showing was here made of the loss of these papers and that the secondary evidence here introduced was properly admitted.

However, all this discussion becomes academic when we find that the defendant himself took the stand and testified as to the facts which the officers ascertained as a result of this search, thus bringing into play the doctrine of *Blowe* v. *The State,* 132 Miss. 112, 93 So. 577.

## III.

Appellant raises the contention as to the sufficiency of the evidence to sustain a conviction. The two officers making the search testified that they found a gasoline drum, smutty on the outside and smelling sour on the inside, concealed in a pit beneath the floor of one of the rooms of defendant's home, with fresh dirt banked up around it, so that it could not be detected easily from outside; that there were holes in the top of this drum in which pieces of crooked pipe, found under another room of this house, exactly fitted, and that the indications were that this apparatus had been used quite recently for the distillation of intoxicating liquor. The defendant testifying stated that he had been living in this house about six months; that about a month after he moved in he was chasing a chicken and crawled under the house after it and found this apparatus, finding the drum under the side room and the pipes under the hall way. He testified as to seeing the dirt around the drum and admitted that the part which he saw "was all smutty and had had a fire around it and had a hole in it for those pipes."

These admissions on the part of the defendant himself clear up the last difficulties with regard to the search of these premises and left squarely to the jury the disputed question of fact as to whether or not the defend-

ant's story that he did not know what this apparatus was for would be believed. The jury was amply warranted from the physical facts and circumstances in finding this defendant guilty.

Argued orally by *J. D. Guyton*, for appellant, and *C. L. Hester*, for the state.

ETHRIDGE, J., delivered the opinion of the court.

Appellant, Mitchell, was indicted and convicted of having the felonious and unlawful possession of a still alleged to be used by him in the unlawful and felonious manufacture of intoxicating liquor. He demurred to the indictment on the ground, among others, that it did not negative the exceptions contained in the statute in defining the offense. The demurrer was overruled, and defendant was placed upon trial and convicted and sentenced to one year in the state penitentiary.

The prosecution was brought about by the discovery under a search warrant of the alleged moonshine still which consisted of a gasoline drum and certain piping, etc., which put together could be used in distilling intoxicating liquor. The original search warrant could not be found, and a copy thereof was identified by the officers issuing and serving it, to which the defendant objected.

The affidavit for a search warrant alleged that affiant states on oath that he has reason to believe and does believe that intoxicating liquors are being manufactured, possessed, and sold, or offered for sale, or given away, in violation of law, in the dwelling house, outhouses, on the premises, in the automobiles, or other vehicles used or occupied by and on the person of Sam Downs Mitchell, about eleven or twelve miles northwest of Kosciusko, in the said county and state.

When the officers went to the residence of the defendant to search, they found no one at home and went down

139 Miss.—8.

into the field and there found a boy, the son of Sam Mitchell, and delivered to him a copy of the warrant, and returned to the house and searched the house and under the house occupied by Sam Mitchell, and under the house found a drum so fixed as to be capable of having pipes attached to it. Around the drum was fresh dirt which would conceal it from the outside, and the drum was only found by raising up the flooring in the room occupied by Mitchell and his wife, which planks were not nailed down, but could be raised up inside the house. The piping was found inside the house. The drum had smoke and soot on it and appeared to have been recently used and contained a smell usually found in vessels where moonshine liquor had been manufactured. Both defendant and his wife testified. The defendant admitted having seen the drum under the house some time prior to the search, claiming he was chasing a chicken and it ran under the house, and he then discovered the drum, but testified he had never used it. He further testified that another man lived in the house with him and worked for wages for a man near by. Mitchell's wife testified that she had never seen this drum until it was found by the officers; that her husband had not used it in the manufacture of liquor; and that he had never told her about discovering it on the occasion he testified about. The third party who lived at the same house also testified for the defendant, testifying that he stayed at the house at night but worked for another man in the daytime, and that he had never seen or known of the defendant's manufacturing whisky, and had never seen or known of said drum and pipes. He further testified he had never used same and had never made intoxicating liquors, and that said articles did not belong to him. It further appeared without dispute that defendant had lived at the place for more than five months at the time of the search.

It is further insisted that the court erred in not sustaining the demurrer to the indictment, and the appellant relies upon the cases of *State* v. *Speaks,* 132 Miss.

159, 96 So. 176, and *Dawsey* v. *State* (Miss.), 100 So. 526. In each of those cases it was held that the exception and statute must be negatived in the indictment or affidavit; that under the statute it was not a crime to have possession of a still for the purpose of distilling water or turpentine; and that it was necessary for the indictment to negative the possession for these purposes. In the present case, the indictment alleged:

"The said still being then and there owned, controlled and knowingly possessed by the said Sam Mitchell for use in the unlawful and felonious manufacture of intoxicating liquor, contrary to the form of the statute in such cases made and provided," etc.

We think this indictment negatives the possession for a lawful purpose by alleging distinctly that it was owned, possessed, and controlled by the said Sam Mitchell for use in the unlawful and felonious manufacture of intoxicating liquor. If the still was possessed for this purpose, it would be a criminal possession and a felonious possession, regardless of the fact that it might also be used on occasions for a lawful purpose. We think there was no error in overruling the demurrer.

It was next contended that the court erred in admitting the testimony of the officers because the evidence of the crime was discovered by a search warrant, and the defendant demanded the production of the affidavit and search warrant before the evidence should be admitted, so that the defendant might be fully advised whether the affidavit and warrant were legal, and appellant relies upon *Cuevas* v. *City of Gulfport,* 134 Miss. 644, 99 So. 503, and *Wells* v. *State,* 135 Miss. 764, 100 So. 674.

We think the evidence showed sufficiently the loss of the originals and the copies were admissible. The affidavit and warrant as shown by the copies were sufficient to constitute a lawful search, and therefore the evidence obtained by the search was admissible.

It is next insisted that the evidence is insufficient to sustain a conviction, and that the evidence does not suffi-

ciently show that the defendant placed the still outfit where it was found or had anything to do with it, or that he had used it for any unlawful purpose, but that, on the contrary, his testimony showed that he did not use the drum and pipes and did not place them under the house where they were found, that his testimony was uncontradicted, and must be taken as true.

The evidence showed that the defendant had lived at the place for five months or more. It further showed that the earth around the drum under the house was freshly placed there. It further showed that the still had been recently used in the manufacture of intoxicating liquors, and that the drum could only be located and taken out from the place where it was found by being carried through the floor or by removing the floor in the room of the defendant. It being shown that the. defendant had knowledge of its presence, that the dirt around it was fresh, and that smoke and soot on the drum was fresh, and that the drum had been recently used, the fact that the pipes were inside the house, coupled with the evidence of the wife, and the other party who lived there that they did not use the still or know of its presence, is sufficient to connect the defendant with its operation.

We think there is no merit in the other assignments of error, and the judgment will be affirmed.

*Affirmed.*