## FLOYD STRUNK *v.* THE STATE.*

### (*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. CONSTITUTIONAL LAW.   Search Warrant.   Lost.   Trial.

Upon trial of defendant, he is entitled to have the search warrant, if one, was obtained, and affidavit upon which it issued, produced, or if lost to have same supplied. (Post, p. 58.)

Citing: Code, Thompson's-Shannon's, Section 5701.

2. SAME.   Same.   Same.   Justice of Peace.

Under Code 7310, Thompson's-Shanon's, the committing magistrate, should, and it will be presumed he returned, the search warrant and affidavit to Circuit, or Criminal Court Clerk, and in absence of testimony from Clerk, the testimony of others, that papers was lost, **held** insufficient.   Cases cited: Tyree v. Magness, 33 Tenn., (1 Sneed), 275; Pierce v. Bank of Tennessee, 31 Tenn., (1 Swan), 265; Lane v. Jones, 42 Tenn., (2 Cold.) 318; Citing and Distinguishing: Johnson v. Hall, 68 Tenn., (9 Bax.), 357.   (Post, p. 58.)

3. LOST INSTRUMENTS.   Record.   Proceedings.   Paper Filed.   To Supply.

Before any secondary evidence as to contents of a lost instrument can be introduced, there must be an order of Court, made after a preliminary hearing that the lost record be supplied. (Post, p. 59.)

Citing Code, Thompson's-Shannon's, Sec. 5701.

Cases cited: Lane v. Jones, 42 Tenn., (2 Cold.) 318; Galbraith v. McFarland, 43 Tenn., (3 Cold.), 297.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 376; 2. Criminal Law, 16 C. J., section 1219; 3. Criminal Law, 16 C. J., section 1017; 4. Criminal Law, 16 C. J., section 1219.

FROM SCOTT.

Appeal in error from Criminal Court of Scott County. —Hon. W. H. BUTTRAM, Judge.

H. H. BAKER, for appellant.

MR. BARRY, Assistant Attorney-General, for state.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was convicted of the unlawful possession of liquor and has appealed in error to this court.

All the evidence upon which this conviction rests was obtained as the result of a search of the dwelling house of the plaintiff in error. Objection was made to the introduction of this testimony, offered by certain officers. The officers said that they obtained a search warrant before going into the house, but when the search warrant was called for, it did not appear to be at hand. Some of the officers undertook to testify to the contents of the affidavit and of the search warrant. Objection was made to this evidence, but the trial Judge overruled this objection as well as objection to the testimony of the officers about what they found in the house.

This case must be reversed. Without going into them, it is sufficient to say that the circumstances did not authorize a search of the home of the plaintiff in error without a search warrant. Plaintiff in error was entitled to have the search warrant and the affidavit upon which it issued produced on the trial below, or if these papers had been lost, he was entitled to have them supplied in a lawful manner.

Section 5701, Thompson's-Shannon's Code is as follows: "Any record, proceeding, or paper filed in an action, either at law or equity, if lost or mislaid unintentionally, or fraudulently made away with, may be supplied, upon application, under the orders of the court, by the best evidence the nature of the case will admit of."

It must first appear that the papers have been lost before any secondary evidence can be heard as to their contents. Proof of the loss as well as proof of the contents of the papers must be "by the best evidence the nature of the case will admit of."

Under section 7310, Thompson's-Shannon's Code, the Magistrate should have returned the search warrant and affidavit herein to the circuit court of Scott county. The presumption is that the Magistrate did his duty. These papers, therefore, should have been in the custody of the clerk of the circuit court of Scott county, and he was not introduced at all to show that they were lost. In the absence of such testimony from the clerk, testimony of other parties that the papers were lost was insufficient. *Tyree* v. *Magness,* 33 Tenn., (1 Sneed,) 275; *Pierce* v. *Bank of Tennessee,* 31 Tenn. (1 Swan), 265; *Lane* v. *Jones,* 42 Tenn. (2 Cold.), 318.

In *Johnson* v. *Hall,* 68 Tenn. (9 Bax.), 351, under the circumstances of that case, the court so far relaxed the rule just stated as to hold that the fact of the loss of papers could be shown by affidavit of one of the parties to the suit.

In the case before us there is no showing that the office of the clerk of the circuit court of Scott county was searched at all for these papers. There is a statement

in the record to the effect that the office of the Magistrate to whom the search warrant was returned was searched and the papers not found there. Certainly they would not be there if the Magistrate had done his duty.

The loss of the papers not having been established as our decisions require, proof of their contents was not admissible. The proof of the contents which was offered was moreover too meager to disclose whether the search warrant and affidavit were in due form.

In addition to the foregoing, before any secondary evidence as to the contents of a lost instrument can be introduced there must be an order of court, made after a preliminary hearing that the lost record be supplied. *Lane* v. *Jones,* 42 Tenn. (2 Cold.), 318; *Galbraith* v. *McFarland,* 43 Tenn. (3 Cold.), 297.

There was no order of court at all on the subject in this case.

Reversed and remanded for a new trial.