KING v. STATE.*

(Division B.    May 16, 1927.)

[113 So. 173.    No. 26568.]

</div>

1. ARREST. *Probable cause for arrest for felony without warrant is judicial question; officer undertaking to act on probable cause in arresting without warrant must have information convincing court that it amounts to probable cause; judgment of officer as to probable cause for arrest without warrant is not conclusive.*

    Probable cause as a ground for arrest without a warrant in a case of felony is a judicial question, and an officer undertaking to act upon probable cause in making an arrest must have such information as convinces the court that it amounts to probable

cause. The judgment of the officer is not conclusive upon the matter where he acts without a warrant.

2. ARREST. *Right of search incident to lawful arrest does not extend to search of entire premises of person arrested.*

The right of search incident to a lawful arrest is limited, and does not extend to the right to search the entire premises of the person arrested. *Toliver* v. *State,* 133 Miss. 789, 98 So. 342.

3. INTOXICATING LIQUORS. *Evidence held insufficient to sustain conviction for possession of still and integral parts thereof.*

Where a still and the integral parts thereof are found near the residence of one person, but the proof fails to show that the still was located upon his premises, but does show that other persons previously convicted of distilling or of possessing a still live near the place where the still is found, the evidence against the defendant is insufficient to convict him.

4. CRIMINAL LAW. *On objection to evidence obtained by search of defendant's premises, search warrant and affidavit on which it was found must be produced; in prosecution for possession of still and integral parts thereof, admitting, over timely objection, evidence of finding still and mash on premises, without introducing search warrant or affidavit on which it was based, held error.*

Before evidence against a defendant which was obtained by a search of his premises can be received, the search warrant and the affidavit upon which it was founded must be produced, if the evidence is objected to.

---

*Corpus Juris-Cyc References: Arrest, 5CJ, p. 419, n. 14 New; p. 434, n. 84; Intoxicating Liquors, 33CJ, p. 754, n. 31 New; p. 756, n. 59; p. 758, n. 80. As to sufficiency of showing of probable cause for search intoxicating liquor, see annotation in 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 39 A. L. R. 835; 41 A. L. R. 1539; 24 R. C. L. 707; 3 R. C. L. 1383; 4 R. C. L. 1552; 5 R. C. L. 1295; 6 R. C. L. Supp. 1434.

Appeal from circuit court of Rankin county.

Hon. G. E. WILSON, Judge.

Albert King was convicted of the possession of a still and the integral parts thereof, and he appeals. Reversed and remanded.

*W. E. McIntyre,* for appellant.

The state cannot rely both upon a search warrant and credible information. To do so would destroy the very purpose of the law. In this case the information obtained by these witnesses came to them the day before the search was actually made. At that time a justice of the peace illegally qualified to act and a mayor likewise qualified to act lived within one quarter of a mile to the witness Murray. He says he made no effort to obtain a search warrant. He had certainly had the time.

Witness Purvis says that he did obtain a search warrant before going to make the search. The witness states that he does not know what became of the search warrant. "The identical search warrant must be introduced or its loss accounted for." *Stingily* v. *State* (Miss.), 108 So. 917. See, also, *Wilson* v. *State,* 102 So. 166; *Cuevas* v. *City of Gulfport,* 99 So. 503.

The testimony could not be admitted under the theory of information conveyed by a credible person, because when these witnesses went upon the premises they did not find the defendant in an act of committing a crime, but he was found at his house. The search was made before any arrest was made. The testimony was inadmissible. *Tucker* v. *State,* 90 So. 845; *Owens* v. *State,* 98 So. 233.

The possession of the "still" was not proved. *Moody* v. *State,* 104 So. 143.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

Counsel insists that in this case the loss or destruction of the search warrant was not accounted for and, therefore, that the state was not permitted to use these parties as witnesses in its behalf. The state, however, in this case did not have to rely upon the search warrant because the testimony of the officers shows conclusively

that they had information from a credible source, which they believed, that the defendant was in the act of committing a felony, or was about to do so. This being true, the officers did not need a search warrant. *Ingram* v. *State,* 111 So. 362.

*W. E. McIntyre,* in reply, for appellant.

In the *Ingram case,* 111 So. 362, relied upon by the state, the proof "showed that the search warrant and the affidavit had been lost." There is no such proof in this case. In the Ingram case the officers concealed themselves and while the appellant, Ingram, was engaged in the act of committing a felony "the deputy sheriff stepped out and undertook to arrest them, but they fled and so avoided arrest."

In the instant case the search was made by Officer Murray and a citizen, Thorn, while the appellant was sick in his home. In fact, the only connection in the world the state attempts to make of the appellant with this still is the statement attributed to him by the two officer witnesses. This statement was inadmissible under the *Nicaise case,* 106 So. 817.

The testimony does not show that the appellant was ever placed under arrest until after his indictment by a grand jury. *Nelson* v. *State,* 102 So. 166, sustains our contentions throughout.

ETHRIDGE, J., delivered the opinion of the court.

Appellant, Albert King, was indicted for the possession of a distillery, commonly called a "still," and the integral parts thereof, and was placed upon trial and convicted.

It appears that the evidence against the appellant was obtained by a search of his premises. On the offering of this evidence it was objected to, unless and until the affidavit and search warrant were introduced in evidence,

which was not done; but the district attorney stated that he expected to rely upon information as to the commission of a felony, which information amounted to probable cause, and the going to the premises of the appellant for the purpose of arresting him on such information.

It appeared from the evidence that a deputy sheriff and a constable living at Pelahatchie, in Rankin county, had secured some kind of information that there was a still being operated near the defendant's residence, and went to a justice of the peace, and secured a search warrant to search the premises. The affidavit and warrant were not offered on the trial, nor was their loss or destruction proven. It appears that no warrant was obtained for the arrest of the defendant; in fact, the record does not show that he was arrested on this occasion. The deputy sheriff and the constable and another person went to the place occupied by the appellant, and one of the officers remained at the house while the other officer and the private citizen acting with them went down to a pond located near the house of the appellant. While searching around the pond the officer and the private citizen found a distillery, one of the improvised kind with pipes and barrels, and beer, near the pond. It further appears that another man was living on the opposite side of this pond, only a short distance from where the still was located, and also that a third party lived east of the pond a short distance, and that both of these men had previously been convicted of the crime of unlawfully distilling, or of possessing a still, and that the information upon which the officers were attempting to make the search was furnished by one of these parties.

The evidence with reference to the information furnished the officers was not as full and complete as it should have been, but the court seems to have proceeded upon the idea that, if the officers believed the information, it was sufficient to amount to probable cause. Probable cause is always a judicial question, and an officer

undertaking to act upon probable cause in making an arrest must not only have such information as satisfies his mind, but it must be legally sufficient to satisfy the mind of the court that it constitutes probable cause. However, in this case there was no showing that an arrest was actually made, and without a search warrant a search can only be made when a lawful arrest is made, and the right of search in such a case is a limited one (*Toliver* v. *State*, 133 Miss. 789, 98 So. 342), and does not go to the extent of searching the entire premises of the person arrested. The right of search following a lawful arrest is not so extensive as a search under a search warrant which described the premises to be searched. There was also a failure in the evidence to establish the fact that the still was located on the property occupied by this appellant. The officers and witnesses testifying were unable to say upon whose land the still and the mash were found. At most, it was a mere conjecture that they were upon the premises occupied by the appellant. As stated above, two other persons were living near the place where the still was found, and occupied premises whose boundaries are not described in the evidence, each of whom had been convicted either of distilling or having in possession a still.

We think it was error to admit the evidence of the still and the mash as shown in the record in this case.

The state relies upon the case of *Ingram* v. *State*, (Miss.), 111 So. 362, and authorities cited in that case. In the Ingram case the officers testified that they did not go upon the premises for the purpose of making a search, but for the purpose of making an arrest of a designated person on information that such person had recently committed a felony, and, unless arrested, would commit another felony; that on going to the point where the information indicated the felony had been committed they found the defendant and sought to arrest him, but that he fled, and escaped temporarily. In that case the finding of the distillery was incident to an effort, lawfully

made, to arrest the defendant upon sufficient probable cause. Here there is no showing that an arrest was made, or that they went to the designated place for the purpose of making arrest. So the case of *Ingram* v. *State,* and the cases therein cited are not authority for admitting the evidence in the present case. The judgment will therefore be reversed and the case remanded for a new trial.

*Reversed and remanded.*