BILL JOHNSON v. THE STATE.*

(*Knoxville.*  September Term, 1927.)

Opinion filed October 15, 1927.

1. CRIMINAL LAW. Possessing liquor. Evidence by search warrant.

If violation of a State law disclosed by Federal officers acting solely under the authority of the Federal Government without the aid or connivance of the State officers, the authority of the Federal officers is not a proper inquiry in a prosecution in the State court for an offense against the State. It would not be necessary to introduce the search warrant or prove its existence if the State officers had merely stood by and witnessed the result of the search. (Post, p. 630.)

Citing: Hughes v. State, 145 Tenn. (Thompson), 551; Byers v. U. S. ———— U. S. (January 3, 1927).

2. SAME. Same. Same.

Where the evidence upon which the search warrant issued was furnished to Federal officers by an officer of the State who subsequently participated actively in the search, with the sheriff standing by ready to render assistance, the enterprise was rendered a joint undertaking such as to require the State to justify the search by the production of the original, or a certified copy of the search warrant. (Post, p. 631.)

3. SAME. Evidence.

Proof of the contents of the search warrant is admissible if neither the original nor certified copy from office clerk, Federal court is available. (Post, p. 631.)

Citing: Strunk v. State, 154 Tenn. (1 Smith), 56.

---

*On admissibility of evidence obtained by unlawful search by strangers, see annotation in 24 A. L. R. 1424; 32 A. L. R. 414; 41 A. L. R. 1150.

---

*Headnotes 1. Criminal Law, 16 C. J., section 1110 (Anno); 2. Criminal Law, 16 C. J., section 1110 (Anno) 3. Criminal Law, 16 C. J., section 1219.

FROM BRADLEY.

Appeal from the Circuit Court of Bradley County.— HON. JOHN J. BLAIR, Judge.

D. SULLINS STUART, for plaintiff in error.

ROY H. BEELER, Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error, Bill Johnson, was convicted in the Circuit Court of Bradley County for unlawfully possessing intoxicating liquor, and has appealed to this court.

The principal question made by the assignments of error is that the trial judge erred in admitting in evidence testimony with regard to a search of the home of the plaintiff in error and the finding of whisky by the parties making the search, without requiring the State to offer in evidence the search warrant under which the search was made.

The facts are that Homer Allen, a policeman of Cleveland, made an affidavit before a commissioner of the District Court of the United States, upon which affidavit the commissioner issued a warrant for the search of the premises of the plaintiff in error. This warrant was placed in the hands of a deputy marshal of the United States, and was executed by him, with the aid of Policeman Allen. The sheriff of the county was present at the search at the request of Allen and the deputy marshal, but he testified that he took no actual part in the search.

The plaintiff in error called for the production of the search warrant as authority for the search, and as a con-

dition precedent to the introduction of evidence of the result of the search. It was made to appear that the original warrant and affidavit were lost and that a duplicate preserved by the United States Commissioner had been forwarded to the clerk of the United States District Court at Chattanooga, where it, presumably, is now on file. No effort appears to have been made to secure this dupli-cate affidavit and warrant for use on the trial of this case, nor was a certified copy thereof offered in evidence.

The trial judge ruled that under the facts stated it was not necessary to introduce the search warrant or prove its existence, when State or municipal officers accompany a Federal officer.

This ruling would be correct if the State and municipal officers in the present case had merely stood by and witnessed the result of a search carried on by agents of the government of the United States, acting under the authority of the United States. If a violation of a State law is disclosed by Federal officers acting solely under the authority of the Federal Government, and without the connivance or aid of officers of the State, the authority of the Federal officers to make the search is not a proper inquiry is a prosecution in the State court for an offense against the State. *Hughes* v. *State,* 145 Tenn., 544, 551.

In *Byars* v. *United States,* decided by the Supreme Court of the United States January 3, 1927, —U. S. —, 71 Law Ed., ———, dealing with a similar question arising from the joint participation of Federal and State officers in the execution of a search warrant issued under the authority of the State of Iowa, the Supreme Court said:

"We do not question the right of the Federal Government to avail itself of evidence improperly seized by State officers operating entirly upon their own account. But the rule is otherwise when the Federal Government

itself, through its agents acting as such, participates in the wrongful search and seizure. To hold the contrary would be to disregard the plain spirit and purpose of the constitutional prohibitions intended to secure the people against unauthorized official action.''

In the case cited the court found that a Federal prohibition agent had been invited to join the officers of the State, not as a private person, but because he was a Federal enforcement officer, upon the chance, which was subsequently realized, that something would be disclosed of official interest to him as such agent; and having found that the Federal officer participated in the search as an officer of the Federal Government, and the search warrant not being sufficient to meet the requirements of the Federal Constitution and statutes, the Supreme Court held that the evidence disclosed by the search was not competent in a prosecution in the Federal court for a violation of a Federal statute.

In the case at bar it appears that the evidence upon which the search warrant was issued was furnished to the United States Commissioner by an officer of the State, who subsequently participated actively in the search, with the sheriff of the county standing by, ready to render assistance if required. This participation by the State officers, at least, rendered the enterprise a joint undertaking of the State and Federal officers, and following the analogy of the holding in *Byars* v. *United States, supra,* we think the trial judge should have required the State to justify the search by the production of the original or a certified copy of the search warrant, before admitting in evidence the testimony of the officers describing the result of the search. If neither the original nor the certified copy from the office of the clerk of the United States District Court was available, then proof

of the contents of the affidavit and warrant might have been admitted, in accordance with the rule stated in *Strunk* v. *State,* 154 Tenn., 56.

The judgment of the circuit court will accordingly be reversed and the case remanded for a new trial.