BOYD *v.* STATE.

(Division B.   Jan. 30, 1933.)

[145 So. 618.  No. 30248.]

**J. D. Martin,** of Raleigh, for appellant.

**S. V. Little,** of Mize, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Smith county of the crime of possessing intoxicating liquor, and fined in the sum of five hundred dollars and sentenced to serve ninety days in jail. From that judgment he prosecutes this appeal.

Intoxicating liquor, twenty-one pints, was found near the home of appellant by the sheriff of Smith county and two of his deputies as the result of a search of appellant's premises. The evidence secured as the result of the search was essential to prove appellant's guilt; without it the state had no case against him. Appellant objected to the introduction of such evidence on the ground that the search was made without affidavit and search warrant, and, if made with a search warrant upon an affidavit, neither had been produced by the state. Thereupon the state undertook to prove that an affidavit had been made and a search warrant issued, which search warrant was in the hands of the sheriff and his deputies when the search was made, and was served on appellant, and that both the affidavit and the warrant had been lost and could not be found.

The evidence was wholly insufficient to show the loss of the affidavit and search warrant. The proper custodian was not introduced as a witness to show that diligent search had been made for them where they were kept, and that they could not be found. Nor did any other witness who testified show that he had made diligent search for, and had been unable to find, them.

There was no sort of evidence tending to show the contents of the affidavit and the warrant, and whether or not they complied with the law. It is not every affidavit and warrant that will authorize a search. The affidavit and the warrant must conform substantially to the requirements of the statute. To authorize the admission of evidence obtained by the search of a person's premises the affidavit and search warrant must be produced before the evidence is received if objection is made to the evidence upon that ground. If the affidavit and search warrant have been lost, the proof must show not only. the loss but also substantially their contents. Pickle v. State, 151 Miss. 549, 118 So. 625; Cuevas v. City of Gulfport, 134 Miss. 644, 99 So. 503.

There was an effort made by the state to show that appellant did not object to the search. Taking the evidence most strongly for the state, it means that appellant neither objected nor consented. Under the authority of Smith v. State, 133 Miss. 730, 98 So. 344, this would not constitute a waiver by appellant of a legal search warrant.

Reversed and remanded.