STATE v. JAMES McMILLIAM (McMILLER) AND BETTIE LEE
McMILLIAM (McMILLER).

(Filed 18 April, 1956.)

**1. Criminal Law § 43—**

Where defendant moves to suppress the State's evidence on the ground
that it was procured by an unlawful search, the court should rule upon
the motion at the time and not defer the ruling until after the State's
evidence has been introduced.

**2. Searches and Seizures § 1—**

A search warrant is required by officers seeking to enter a person's
private dwelling for the purpose of search and seizure.

**3. Criminal Law § 43—**

Where the conditions require a search warrant, evidence obtained upon
a search without a warrant or upon an invalid warrant is incompetent.
G.S. 15-27.

**4. Same: Criminal Law § 77c: Searches and Seizures § 2—**

Where the conditions require a search warrant and evidence obtained
by search is objected to in apt time by defendant, the State must produce
the search warrant, or, if it is has been lost, must prove such fact and
then introduce evidence to show its contents and regularity, and, in the
absence of such proof or proof that the warrant was duly issued, the
presumption of the regularity of acts of public officers does not obtain,
since, even if it be conceded that the officer had a warrant, there is nothing
to show that it was duly issued or that the premises to be searched and
the things to be seized were sufficiently described. G.S. 18-13.

**5. Criminal Law § 81f—**

The Supreme Court will not grant a motion to nonsuit even though denial
of the motion must be based on incompetent evidence erroneously admitted
over objection, since had the evidence been excluded, the State might have
sustained its case by competent evidence.

APPEAL by defendants from *Fountain, Special Judge,* October Term
1955 of GREENE.

Criminal prosecution upon a bill of indictment with two counts. The
first count charges the unlawful possession of intoxicating beverages
upon which the taxes imposed by the laws of Congress of the United
States or by the laws of this State have not been paid. The second
count charges the unlawful possession of non-taxpaid whiskey for the
purpose of sale. Verdict: Guilty as to the first count, not guilty as to
the second count.

From the judgments imposed upon the verdict, the defendants appeal,
assigning error.

*William B. Rodman, Jr., Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*C. W. Beaman for Defendants, Appellants.*

PARKER, J. Upon the call of the case for trial, and before pleading to the indictment, the defendants made a motion to suppress the State's evidence, for the reason that the State's evidence was procured by an unlawful search warrant, or secured without a search warrant, and was, therefore, incompetent as evidence. The court stated that it would reserve its ruling on the motion, until after the State had rested its case. Whereupon, the defendants entered pleas of Not Guilty.

After the jury was impanelled the State offered its evidence, which tended to show these facts. On 12 May 1955 Wayne Lane, a Deputy Sheriff of Greene County, accompanied by Frank Pierce, a Policeman at the county seat, and William Sugg, a Constable in the county, went to the defendants' home. Lane had with him a search warrant issued by Fred Carraway, a Justice of the Peace in the county. Lane told the male defendant he had a search warrant and read it to him. The three officers entered the house, and searched it. In the kitchen were four or five people, including the defendants. In the kitchen there was an odor of whiskey, and next to the stove there was a 10 or 12 quart bucket, and in the bucket was a half-gallon jar turned upside down. Lane grabbed the jar, and when he did, the *feme* defendant took a pan containing water off the stove, and poured it into the bucket. Lane jerked the jar out of the bucket. He was asked: "What does this jar contain?" The defendant objected. The objection was overruled, and the defendant excepted, and assigns this as error. Lane answered: "Non-taxpaid whiskey and whatever was in the slop bucket." The solicitor stated he would like to offer this whiskey in evidence. The defendant objected. The objection was overruled, and the defendant excepted, and assigns this as error.

The State did not produce a search warrant. No search warrant is in the record or case on appeal. At the close of the State's evidence the court denied the motion to suppress the State's evidence, and the defendants excepted. When a motion like this to suppress the State's evidence is made, the court should rule upon it, and not defer its ruling until after the State's evidence has been introduced. 20 Am. Jur., Evidence, Sec. 396.

The North Carolina Constitution, Article I, section 15, provides: "General Warrants, whereby any officer or messenger may be commanded to search suspected places, without evidence of the act committed, or to seize any person or persons not named, whose offense is

not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted."

G.S. 15-27 provides: "No facts discovered or evidence obtained without a legal search warrant in the course of any search, made under conditions requiring the issuance of a search warrant, shall be competent as evidence in the trial of any action."

The search of defendants' home was "made under conditions requiring the issuance of a search warrant." *In re Walters,* 229 N.C. 111, 47 S.E. 2d 709.

Where the search is made under conditions requiring the issuance of a search warrant, and it is attempted, over objection, to justify the search and seizure by the possession of a valid search warrant in the hands of the searchers, the State must produce the search warrant, or, if it has been lost, the State must prove such fact and then introduce evidence to show its contents and regularity on its face, unless the production of the warrant is waived by the accused. To render admissible evidence obtained by a search made under conditions requiring the issuance of a search warrant, this legal foundation must be laid. *Acree v. Commonwealth,* 243 Ky. 216, 47 S.W. 2d 1051; *Eaves v. Commonwealth,* 241 Ky. 140, 43 S.W. 2d 528; *Conley v. Commonwealth,* 230 Ky. 391, 20 S.W. 2d 75; *Wilson v. Commonwealth,* 228 Ky. 517, 15 S.W. 2d 422; *Boyd v. State,* 164 Miss. 610, 145 So. 618; *Pickle v. State,* 151 Miss. 549, 118 So. 625; *King v. State,* 147 Miss. 31, 113 So. 173; *Nelson v. State,* 137 Miss. 170, 102 So. 166; *Wells v. State,* 135 Miss. 764, 100 So. 674; *Cuevas v. City of Gulfport,* 134 Miss. 644, 99 So. 503; *Johnson v. State,* 155 Tenn. 628, 299 S.W. 800; *Henderson v. State,* 108 Tex. Cr. 167, 1 S.W. 2d 300; *Skiles v. State* (Tex. Cr.), 2 S.W. 2d 436; *State v. Littleton,* 108 W. Va. 494, 151 S.E. 713; *State v. Joseph,* 100 W. Va. 213, 130 S.E. 451; *State v. Slat,* 98 W. Va. 448, 127 S.E. 191; 22 C.J.S., Criminal Law, pp. 1031 and 1032. This seems to represent the weight of authority on the subject.

Lane testified that he had a search warrant issued by a Justice of the Peace of the county. In the absence of the search warrant, and the complaint on which it was issued, we are left to surmise its contents. Were the premises to be searched the defendants' home? Were the premises to be searched and the things to be seized sufficiently described, as required by G.S. 18-13? We do not know. It might have been a general warrant, which is "dangerous to liberty."

The Supreme Court of Appeals of West Virginia said in *State v. Slat, supra:* "If, when a search warrant and affidavit are at hand, but are not produced, it can be presumed that there is a valid and lawful search warrant, there would be little necessity in preserving such papers; all that would be necessary for the officers to say in justification of their

search would be that they had a search warrant issued by a justice of the peace. Such holding would be an open door for all kinds of abuses, and the constitutional guarantee would be of little practical value in the protection of the home and person from unreasonable searches and seizures."

It is said in 47 Am. Jur., Searches and Seizures, sec. 31: "A search warrant must conform strictly to the constitutional and statutory provisions for its issuance. . . . However, under the rule that public officials are presumed to act legally in the performance of their duties, a duly issued search warrant is *prima facie* valid." However, the record here does not show that the search warrant was duly issued.

*S. v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311, relied upon by the State, is distinguishable. In that case the defendants did not move for a compulsory nonsuit, or object in any way to the proceedings in the Superior Court preceding the return of the verdict. In the instant case the State's evidence shows that the officers had a search warrant, and the defendants in apt time objected to the introduction in evidence of the jar containing whiskey and its contents, thereby challenging the validity of the search warrant. Under such conditions we would not be justified in indulging the presumption that the officers of the law performed their duties, and had a valid search warrant. *S. v. McGowan,* ante, 431, 90 S.E. 2d 703.

*S. v. Shermer,* 216 N.C. 719, 6 S.E. 2d 529, is distinguishable. There was no objection to the evidence. At the close of the State's case, a motion for nonsuit was made because the search was made pursuant to a defective search warrant.

The court committed prejudicial error in permitting the introduction in evidence, over the defendants' objection, of the jar containing whiskey, and of the contents of the jar, for the reason that the State had not produced in court a valid search warrant to search defendants' home.

The defendants assign as error the refusal to allow their motion for judgment of nonsuit. That motion cannot be sustained in this Court. Though the court below, in denying the motion for nonsuit, acted upon evidence, which we now hold to be incompetent, yet if this evidence had not been admitted, the State might have followed a different course, and produced in court a valid warrant to search defendants' home. *Cherry v. Warehouse Co.,* 237 N.C. 362, 75 S.E. 2d 124; *Supply v. Ice Cream Co.,* 232 N.C. 684, 61 S.E. 2d 825; *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316; *Gibbs v. Russ,* 223 N.C. 349, 26 S.E. 2d 909; *Caulder v. Motor Sales, Inc.,* 221 N.C. 437, 20 S.E. 2d 338; *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199; *Midgett v. Nelson,*

212 N.C. 41, 192 S.E. 854; *Morgan v. Benefit Society,* 167 N.C. 262, 83 S.E. 479.

The defendants are entitled to a

New trial.