## STATE v. ALMETA WHITE.

(Filed 2 May, 1956.)

**Searches and Seizures § 2: Criminal Law § 43—**

> Where a search warrant is issued without the signed affidavit under oath of the complainant, the warrant is fatally defective, notwithstanding testimony of complainant that he was sworn by the justice of the peace in whose name the warrant was issued and stated to him under oath his information and the location of the premises. Motion to suppress evidence obtained by such defective warrant should have been allowed. G.S. 15-27.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Paul, J.,* January Term, 1956, of CRAVEN. Indictment for unlawful possession of nontax-paid whiskey.

On the trial the State called as a witness the constable who had searched the dwelling house of the defendant under authority of a search warrant, and offered to show by him the finding of illicit whiskey in the house, discovered pursuant to the search.

The defendant objected on the ground that the search warrant was not legally issued and that evidence obtained by means thereof was incompetent. Preliminary examination of this witness in the absence of the jury revealed the material facts to be as follows: The constable, upon receipt of information that the defendant had whiskey in her home, went to the justice of the peace and applied for a search warrant. He stated to the justice under oath that he had reason to believe the defendant had intoxicating liquor in her home, describing it, and the

constable then proceeded to fill out the warrant. The justice was quite feeble and the constable did all the writing in the name of the justice, presumably by his authorization. The constable then went, with two other officers, to the home of the defendant, read the search warrant to her and proceeded to search the house, finding whiskey therein.

Objection to the testimony of the witness was overruled, and motion to suppress the evidence obtained by means of the search warrant was denied. The testimony of the constable and that of the two other officers showing the result of their search was admitted.

There was verdict of guilty as charged, and from judgment pronounced the defendant appealed.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*J. Wayland Sledge for defendant, appellant.*

DEVIN, J. The statute, G.S. 15-27, provides that a search warrant shall not be signed or issued by any officer without first requiring the complainant or other person "to sign an affidavit under oath, and examining said person or complainant in regard thereto"; and further that "no facts discovered by reason of the issuance of such illegal search warrant shall be competent as evidence in the trial of the action."

In the instant case no affidavit to support the issuance of the search warrant appears in the record, nor does it appear that the constable signed an affidavit under oath, though he testified he was sworn by the justice of the peace in whose name the warrant was issued, and that he stated to him under oath his information and the location of the premises.

The search warrant was not issued in accordance with the requisite provisions of the statute, and hence the evidence discovered by reason thereof was by the statute rendered incompetent and was improperly admitted. *S. v. McMilliam,* 243 N.C. 771.

There was no motion for judgment of nonsuit. The defendant is entitled to a new trial, and it is so ordered.

New trial.

JOHNSON, J., took no part in the consideration or decision of this case.

The foregoing opinion was prepared by *Devin, Emergency Justice,* while he was serving in place of *Johnson, J.,* who was absent on account of his physical condition. It is now adopted by the Court and ordered filed.