### STATE v. LUCIOUS STARGAL UPCHURCH.

(Filed 25 May, 1966.)

**1. Searches and Seizures § 2—**

Where an officer issuing a search warrant testifies that she merely witnessed the signature of the officer signing the affidavit, without requiring the officer to sign the affidavit under oath and without examining him in regard thereto, the record overcomes the presumption that the requirements of the statute have been observed, G.S. 15-27, and evidence obtained by such warrant is erroneously admitted.

**2. Criminal Law § 168—**

The fact that evidence obtained by an illegal search warrant was admitted in evidence does not warrant the Supreme Court in granting defendant's motion for judgment as of nonsuit, since had the evidence obtained under the search warrant been suppressed, the State might have introduced other evidence tending to support the charge.

MOORE, J., not sitting.

APPEAL by defendant from *Bickett, J.,* 11 November Criminal Session 1965 of DURHAM.

The defendant was tried upon a bill of indictment charging in the first count that he did wilfully, maliciously and unlawfully sell and barter tickets, tokens, certificates and orders for shares in a lottery, to wit: tickets used in connection with a baseball lottery.

The second count charges that the defendant did wilfully, maliciously and unlawfully cause to be sold tickets, tokens, certificates and orders for shares in a lottery, to wit: tickets used in connection with a baseball lottery. The third count charges that the defendant did wilfully, maliciously and unlawfully have in his possession tickets, tokens, certificates and orders used in the operation of a lottery based upon the outcome of baseball games, in violation of G.S. 14-291.1.

The State's evidence consisted of the introduction of certain exhibits found in the grocery store of the defendant located at 316 Morehead Avenue, Durham, N. C., in a search made pursuant to a search warrant purported to have been issued on the 28th day of April 1965, which exhibits Carl C. King, a detective with the Durham police department, testified were baseball lottery tickets. From a verdict of guilty as charged and the judgments imposed on the second and third counts in the bill of indictment, the defendant appeals, assigning error.

*Attorney General Bruton, Assistant Attorney General Barham, and Staff Attorney Partin for the State.*
*Blackwell M. Brogden for defendant.*

DENNY, E.J. The defendant's first assignment of error is directed to the failure of the court below to sustain his motion to suppress the State's evidence with respect to the purported lottery tickets on the ground that such evidence was obtained under an illegal search warrant.

The trial judge, in the absence of the jury, heard evidence bearing on the circumstances under which the search warrant was issued. Officer A. L. Hight testified that he signed the affidavit under oath in connection with the procurement of the search warrant. However, Miss Sadie Lee Munford, who issued the search warrant, testified that she was assistant clerk of the recorder's court of Durham County. This witness, according to her testimony, had no recollection whatever in connection with the issuance of the search warrant in question. She did testify, however, that her signature was on the document presented to her, and further testified that usually when the officers come for a search warrant, "(a)ll I can say is they come in and ask if I will witness their signature, and I witness it." This custom on the part of this witness is not a compliance with the requirements of G.S. 15-27. The statute provides that a search warrant shall not be signed or issued by any officer without first requiring the complainant or other person "to sign an affidavit under oath and

examining said person or complainant in regard thereto"; and further that "no facts discovered by reason of the existence of such illegal search warrant shall be competent as evidence in the trial of the action." *State v. White,* 244 N.C. 73, 92 S.E. 2d 404; *State v. McMilliam,* 243 N.C. 771, 92 S.E. 2d 202.

The trial judge held the search warrant was legal and overruled the defendant's motion to suppress the evidence. The defendant excepted to this ruling.

The general rule is that where nothing appears to the contrary, there is a presumption that the requirements of the statute have been preserved. *State v. Gross,* 230 N.C. 734, 55 S.E. 2d 517.

On this record it seems apparent to us that the assistant clerk of the recorder's court of Durham County did not observe the statutory requirements in connection with the issuance of the search warrant involved in this case. Further, it seems evident from her testimony that she does not have the slightest comprehension as to what her legal duties and responsibilities are in connection with the issuance of a search warrant.

In our opinion the court below committed error in overruling the defendant's motion to suppress the evidence obtained under the search warrant involved, and we so hold. Even so, we will not sustain the defendant's motion for judgment as of nonsuit. Had the evidence obtained under the illegal search warrant been suppressed, the State might have introduced other evidence tending to support the charges in the bill of indictment. The defendant is entitled to a new trial, and it is so ordered.

New trial.

MOORE, J., not sitting.