EDWARD HILL v. STATE OF MISSISSIPPI.

[49 South. 145.]

CRIMINAL LAW AND PROCEDURE. *Homicide.  Justification.  Self-defense. Apprehension of danger.  "Great bodily harm."*

The rule in homicide cases that "great bodily harm," in contemplation of law, does not mean such harm as may be inflicted by mere blows with the hands or feet, is subject to the modification that where deceased was so much larger and stronger than defendant, that defendant was liable to receive great bodily injuries at his hands, he may be justified in using a deadly weapon to protect himself, although deceased was wholly unarmed.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Hill, the appellant, was indicted and tried for the murder of one Samuel Green, was convicted of manslaughter and sentenced to the penitentiary for a term of four years, and appealed to the supreme court.  The opinion sufficiently states the facts.

*Holmes & Holmes,* for appellant.

The deceased was a negro of great physical strength, while the appellant is a man of comparatively small size.  The evidence showed that the deceased was a man of violent character and, although at the time of the homicide he had no weapon, it was a matter of common knowledge in his community that he habitually carried concealed weapons.  The quarrel between appellant and the deceased was originated by the deceased, and it was not until Green carrying a gun barrel, advanced upon appellant, striking at appellant and grazing his shoulder, that the appellant shot Green.  In fact, appellant first offered no resistance to Green's attack but turned and ran down the road pursued by Green with the gun barrel.  Under these circumstances the fourth instruction for the state was erroneous.  We recognize the

well settled view of the law that one, in repelling the attack of an unarmed man of his own size, cannot slay him. For where two men are of equal size and physical strength the attack of one upon the other without a weapon does not furnish such other sufficient reason to anticipate great bodily harm or danger of life. But we cannot concede the positive statement of law without qualification or modification that the "great bodily harm" which the law contemplates may never be such as may be inflicted by mere blows with the hands or feet. We can conceive of cases in which a man of large size and great physical power might, without the use of a deadly weapon, or any weapon, but solely with the hands or feet, inflict great bodily harm, and probably fatal injury upon a man of small size and inferior strength; such as, for example, by choking him, or beating, kicking and stamping him in some vital part of his body. And the courts have recognized not only the possibility, but the probability of such cases, and in passing upon the question whether or not mere blows with the hands, fist, or feet, will excuse the use of a deadly weapon, they have adopted the negative view, always with this qualification, under ordinary circumstances, meaning thereby, under circumstances in which the combatants are of equal size and physical strength, or nearly so.

The court also erred in refusing to grant the two instructions for appellant, which were asked with a view of curing the error in the fourth instruction for the state. This court, through COOPER, C. J., has clearly decided that where there is a disparity in age, size or strength between two persons, the one may repel the attack of his superior in strength with a deadly weapon, even though his assailant be unarmed. *Hall v. State,* 1 South. 351.

*George Butler,* assistant attorney-general, for appellee.

It cannot be said that, as a matter of law, a case of self defense was indisputably shown by appellant. The question of whether or not "apparent danger" exists, is a question of fact

and does not become a question of law except where the facts are absolutely determined and settled. *Long v. State,* 52 Miss. 23.

It is shown in the record that the appellant was physically unable to cope with Green, deceased, in a physical combat; and the theory of the defense on the trial was that Green was in the act of making a violent and deadly assault upon appellant when the fatal shot was fired. It will be noted that the deceased was unarmed and had no weapon about his person, but the defense contends that in view of his physical powers he was capable of inflicting this deadly assault with his hands and feet and it was to protect from such an assault thus about to be inflicted that the appellant fired. But in considering the propriety of the ruling of the court on these instructions, we must view it in the light of the record, in this case.

We have been able to find no case that holds that mere blows with the hands and feet are sufficient to justify the assaulted party in slaying his antagonist. In the instant case no assault had in fact been made. The deceased had not demonstrated his power nor his purpose to do great bodily injury to appellant.

Argued orally by *J. G. Holmes,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The testimony in this case shows that the deceased, Sam Green, was physically "twice as stout and strong" a man as the appellant, and that he was also a man of vindictive and violent character. It is also shown that he had made a wholly unwarranted attack upon the appellant the evening before the killing, and that he was the aggressor in the difficulty in which he was killed. The testimony further shows that the appellant was a small man, incapable of coping with deceased physically, and that appellant was a man of good reputation, and was endeavoring all the time to avoid a difficulty with the deceased.

In this state of the evidence, the court gave for the state instruction No. 4, which is as follows: "The court instructs the jury that words 'great bodily harm,' in contemplation of law, do not mean such bodily harm as might have been inflicted by mere blows with the hands or feet"—and, having given this instruction for the state, refused the two following instructions for the defendant, which were asked with a view to cure the error in the fourth instruction for the state on the testimony in the record:

"The court instructs the jury that if the evidence shows that the deceased was physically capable of inflicting great and serious bodily harm upon the defendant with his feet or hands, and that the defendant had reason to believe and did believe that he was then and there in danger of such harm at the hands of the deceased, and fired the fatal shot to protect himself from such harm, then it is immaterial, and makes no difference, whether the deceased was armed or not at the time of the killing."

"The court instructs the jury that if the deceased was a much larger and stronger man than the defendant, so much so that the defendant was wholly and absolutely incapable of coping with him in a physical combat, and was liable to receive serious and great bodily injuries at the hands of the deceased in the event that they became engaged in such a combat, then the defendant was justified in using a deadly weapon to protect himself from an unjustifiable and deadly attack of the deceased, even though the deceased was wholly unarmed, and the defendant was in no danger from the deceased, except such as might be inflicted by the deceased with his hands or feet."

Instruction No. 4 for the state is plainly erroneous on the case made by the facts in evidence. It is doubtless true that one may not, ordinarily, repel the attack of an unarmed man, who is not his superior in physical power by killing him, because in such case the two men being, of equal size and physical strength, the attack of one upon the other, without a deadly weapon, does not furnish to the one attacked reasonable ground to anticipate dan-

ger to life or the infliction of great bodily harm.   But the
trouble with this instruction No. 4 for the state is that it tells
the jury, without qualification or modification of any kind, that
the great bodily harm which the law contemplates never can be,.
under any circumstances, such as may be inflicted by mere
blows with the hands or feet.   This is palpably erroneous.
There may be many cases in which the disparity between the
combatants is so overwhelming that the one of superior physical
power may inflict great bodily harm, or death itself, by mere
blows with the hands or feet.

This doctrine is well settled by this court in the case of *Hall
v. State,* 1 South. 351.   In that case this court, speaking through
COOPER, C. J., said: "Nothing appears in the evidence tending
to show there was any disparity in age, size, or strength be-
tween the deceased and the defendant, and in the absence of
such evidence the first instruction for the state was not erro-
neous.   One may not repel the attack of an unarmed man, not
his superior in physical power, by slaying him; for such attack
does not furnish sufficient evidence to one of ordinary strength
and courage to anticipate either that life will be taken, or
great bodily harm done, such as justified the killing of his ad-
versary."

In this case the evidence shows plainly such disparity in phys--
ical strength and power, and  the giving of the fourth instruc-
tion, coupled with the refusal of the two instructions set out
above, refused to the defendant, constitute fatal error.

We do not deem it necessary now to notice any other of the·
assignments of error.

The judgment is *reversed,* and the cause *remanded.*