EDWARD HILL v. STATE OF MISSISSIPPI.

[52 South. 630.]

CRIMINAL LAW AND PROCEDURE. *Homicide. Justification. Self defense.* *Apprehension of danger. Great bodily harm. Large and strong. Small and weak.*

Where the disparity in the size and strength of two persons is so great that the smaller and weaker is liable in a conflict between them to receive great bodily harm from blows inflicted by the other, the former is justified, when assailed by the latter, in using a deadly weapon to protect himself, although his adversary be unarmed.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Hill, appellant, was indicted and tried for the murder of one Samuel Green, was convicted of manslaughter on his first trial and sentenced to the penitentiary. He appealed from the conviction to the supreme court and the judgment was reversed and a new trial granted him. See *Hill v. State,* 94 Miss. 391, 49 South. 145. Upon remand of the case appellant was again tried for and convicted of manslaughter, again sentenced to the penitentiary and again appealed to the supreme court. The facts upon which the decision, on this the second appeal, turned, are stated in the opinion of the court.

*Holmes & Holmes,* for appellant.

Any discussion or argument which we could make in support of our contention that the action of the court in refusing the two instructions was erroneous, would be superfluous, in the light of the opinion rendered by this court in this same case, less than twelve months ago. These are the same instructions which were

asked by the defendant on a former trial of this case, the correctness of which was declared by this court in the aforesaid opinion. We recognize the well settled views of the law, that one may not repel the act of an unarmed man, not his superior in physical power, by slaying him, for where two men are of equal size and physical strength, the attack of one upon the other, without a weapon, does not furnish to such other sufficient reason to anticipate danger to life, or great bodily harm; but the doctrine has been well settled in this state, that, where there is a disparity in physical strength, size and power between the defendant and his adversary, the defendant may repel the attack of his unarmed adversary by slaying him with a deadly weapon, if he had reasonable grounds to anticipate danger to his life, or the infliction of great bodily harm.

In this same case reported in 94 Miss. 391, 49 South. 145, the court said:—

"It is doubtless true that one may not ordinarily repel the attack of an unarmed man who is not his superior in physical power, by killing him, because in such such case the two men being of equal size and physical strength, the attack of one upon the other, without a deadly weapon, does not furnish to the one attacked reasonable ground to anticipate danger to life, or the infliction of great bodily harm, but the trouble with this instruction No. 4 for the state is that it tells the jury without qualification or modification of any kind, that the great bodily harm which the law contemplates never can be, under any circumstances, such as may be inflicted by mere blows with the hands and feet. This is palpably erroneous. There may be many cases in which the disparity between the combatants is so overwhelming that the one of superior physical power may inflict great bodily harm or death itself, by mere blows with the hands or feet. This doctrine is well settled by this court in *Hall v. State,* 1 South. 351."

And the court continuing says of this case on the facts: "In this case the evidence shows plainly such disparity in physical strength and power."

*James R. McDowell,* assistant attorney-general, for appellee.

Self defense is the plea of the appellant. He claims that when he fired the fatal shot he was put in fear of death or of great bodily harm at the hands of the deceased, who was in the act of reaching in his bosom for his pistol. The witnesses who saw the tragedy enacted do not bear the defendant's testimony out on this point.

In the case of *Strother v. State,* 74 Miss. 447, it has been held that a mere apprehension of bodily harm will not give legal warrant to one attacking his adversary with a deadly weapon, or even carrying one concealed, but it must be "great bodily harm" or "serious attack" which is apprehended, and, further, that he must not only have reason to apprehend such an attack but must actually apprehend it.

All of the witnesses who saw the killing testify that the deceased was on his mule when the defendant shot him, and one of them says he started to get off his mule. No one saw a pistol drawn or attempted to be drawn, and, as a matter of fact, deceased was totally unarmed.

It cannot be reasonably said that deceased had made any demonstration indicating the purpose to do great bodily injury. It cannot be said that he had angrily persisted in assaulting the appellant. It cannot be said that there was no other accessible means of stopping the assault. In fact, no assault had ever been made, or begun.

McLAIN, C.

At the October term, 1909, of the circuit court of Yazoo county, the appellant, Hill, was tried, convicted, and sentenced

to the state penitentiary for a term of two years for manslaughter, from which judgment and sentence he prosecutes this appeal.

This case was before us at the March term, 1909, of this court, and in reversing a former judgment in it the court said, speaking through Judge WHITFIELD: "The testimony this case shows that the deceased, Green, was physically twice as stout and strong a man as the appellant, and that he was also a man of vindictive and violent character. It is also shown that he had made a wholly unwarranted attack upon the appellant the evening before the killing, and that he was the aggressor in the difficulty in which he was killed. The testimony further shows that appellant was a small man, incapable of coping with deceased physically, and that the appellant was a man of good reputation, and was endeavoring all the time to avoid a difficulty with deceased. In this state of the evidence, the court gave, for the state, instruction No. 4, which is as follows: 'The court instructs the jury that the words "great bodily harm," in contemplation of law, do not mean such bodily harm as might have been inflicted by mere blows with the hands or feet'—and, having given this instruction for the state, refused the two following instructions for the defendant, which were asked with a view to cure the error in the fourth instruction for the state on the testimony in the record: 'The court instructs the jury that if the evidence shows that the deceased was physically capable of inflicting great and serious bodily harm upon the defendant with his feet or hands, and that the defendant had reason to believe and did believe that he was then and there in danger of such harm at the hands of the deceased, and fired the fatal shot to protect himself from such harm, then it is immaterial, and makes no difference, whether the deceased was armed or not at the time of the killing.' 'The court instructs the jury that if the deceased was a much larger and stronger man than the defendant,

so much so that the defendant was wholly and absolutely incapable of combating with him in a physical combat, and was liable to receive serious and great bodily injuries at the hands of the deceased in the event that they became engaged in such a combat, then the defendant was justified in using a deadly weapon to protect himself from an unjustifiable and deadly attack of the deceased, even though the deceased was wholly unarmed, and the defendant was in no danger from the deceased, except such as might be inflicted by the deceased with his hands or feet.' "

The court held that instruction No. 4 was erroneous as applied to the facts in this case, and the court held, further, that in this case the evidence shows plainly such disparity in physical strength and power, and the giving of the fourth instruction, coupled with the refusal of the two instructions set out above, refused to the defendant, constituted fatal error. *Hill v. State,* 94 Miss. 391, 49 South. 145. The record before us now is the same record that was presented on the first trial, barring instruction No. 4, which was not asked by the state in this trial. Under the principles of the law as announced in our former opinion of this case, it was manifest error in the trial court in refusing the two instructions, above set out, asked for defendant on the trial of this case.

PER CURIAM. The above opinion is adopted as the opinion of the court.

*Reversed.*