## Sanford *v.* State.

(In Banc.  Feb. 14, 1944.)

[16  So.  (2d)  628.   No. 35354.]

**W. T. Weir,** of Philadelphia, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

McGehee, J., delivered the opinion of the court.

The conviction and sentence to pay a fine of $50 here appealed from is for the alleged violation of Section 50 of Chapter 200, Laws of 1938, which reads as follows: "Any person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving."

The proof offered by the state was to the effect that while the state witness, Posey, was traveling south at 15 or 20 mies per hour through the City of Philadelphia on Holland Avenue, which forms a part of State Highway No. 19, the accused approached from Jefferson Street going west at the same rate of speed when his car struck the car of Posey near the center of the intersection. That there was a residence on the corner of said highway 19 and Jefferson Street, and that the center of the intersection was the top of an incline from each direction. The car driven by the accused was not seen until it was within approximately ten feet of the Posey car, and from which fact it is reasonable to assume that the latter was not seen by the accused at any further distance away before the accident occurred. It also appears that at the time of the collision the accused, who had come up the incline on the right side thereof, was turning his car toward the south and to his left either for the purpose of avoiding the accident or with a view of proceeding south in the same direction that the Posey car was traveling on State Highway No. 19, that is to say, on Holland Avenue.

It was also shown on behalf of the state that the accused thereupon requested Posey to have his car fixed,

stating that he would pay for the damage, and that he attributed the accident to his defective brakes; that after waiting a few days the prosecuting witness caused the accused to be arrested, "because he didn't come across and do what he said he would do, make it good"—strongly indicating that the witness himself did not at first consider that the accident was due to "either a wilful or a wanton disregard for the safety of persons or property."

Moreover, a Mr. Long, who had hired the accused to take his mother along with them in the car to "my sister's house," testified that they did not in fact see the Posey car until it was reaching the intersection. The two cars evidently approached it at approximately the same time, since they were proceeding at the same rate of speed and the accident occurred near the center of the intersection.

The most favorable view that can be taken of the state's evidence is that the accused neglected to be on a constant lookout to see an approaching vehicle in time to stop his car before striking it. There is no proof that he was driving in a reckless manner or at a rate of speed such as to indicate a wilful or wanton disregard for the safety of persons or property. In the absence of such proof, it is to be assumed that the presence of passengers for hire in his own car would indicate a contrary state of mind. At most, he was shown to be guilty of mere negligence, and liable only in a civil action. It was evidently not the purpose of the statute here involved to punish as criminal such acts of simple negligence, or even where gross negligence is shown, in traffic accidents unless it is of such character as to evince a wilful or wanton disregard for the safety of persons or property on the highways. By this, we do not mean, however, that no conviction can be allowed to stand in any case where the accused is not shown to have been driving at an excessive or dangerous rate of speed. Each case must be determined on its own facts. There may be other circum-

stances indicating the wilful or wanton attitude of the accused, not present in the case at bar.

The directed verdict requested by the accused at the close of the evidence in the instant case should have been granted.

Reversed, and judgment here for the appellant.