FORTENBERRY v. STATE.

Division A. Jan. 14, 1952.

No. 38263 (56 So. (2d) 56)

Morse & Morse, for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

### Kyle, J.

The appellant, Leroy Fortenberry, was indicted at the regular June 1951 term of the Circuit Court of Harrison County on a charge of murder in the killing of Wilbert Lee White, who is also referred to in the record as "Boley" White, and was convicted of manslaughter and sentenced to the state penitentiary for a term of eight years. From that judgment he prosecutes this appeal.

The killing occurred shortly after midnight on the morning of May 16, 1951, in a small cafe, which was being operated by Mildred Foster, a short distance north of the City of Gulfport. There were four eyewitnesses to the shooting. Mildred Foster testified that on the night of the shooting the deceased was in her cafe around 11:30

or 12:00 o'clock, when the appellant and Georgia Lee
Norwood entered the cafe; that Georgia Lee walked over
to a juke box and deposited a nickel, and that the de-
ceased approached her and spoke to her; that Georgia
Lee told the deceased to let her alone, and that the de-
ceased then slapped Georgia Lee two or three times and
hit her with his fist; that the appellant advanced toward
the deceased and told him not to hit her again; and that
as the deceased drew his hand back to strike Georgia Lee
again, the appellant shot the deceased one time. The
testimony of Mildred Foster was corroborated in all of its
material aspects by the testimony of the other three State
witnesses. The shot fired by the appellant entered the
abdomen of the deceased, and the deceased died as a
result of the wound thus inflicted about one week later.

The appellant, testifying in his own behalf, admitted
that he shot the deceased in the manner testified to by
the State witnesses, but claimed that he shot the deceased
in defense of Georgia Lee Norwood at a time when he
thought that her life was in danger and at a time when
he believed and had reason to believe that the deceased
was about to do her great bodily harm. It was shown by
the testimony of the appellant and the testimony of an-
other witness for the appellant that the deceased several
hours prior to the shooting had made the statement to
Lulla Bell Rupert that he was going to beat Georgia Lee
Norwood, and that if the appellant interfered he was
going to beat him too; and this threat had been com-
municated to the appellant prior to the shooting.

The appellant's attorneys argue only two assignments
of error on this appeal, first, that the court erred in
refusing to grant the peremptory instruction requested
by the defendant that the jury return a verdict of not
guilty, and second, that the court erred in granting the
State's instruction No. 4.

The appellant contends that the killing of the de-
ceased was justifiable under Section 2218, Code of 1942,
which provides that "The killing of a human being by

the act, procurement, or omission of another shall be justifiable in the following cases: * * * (f) When committed in the lawful defense of one's own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished.'' But the testimony of the eyewitnesses, including appellant's own testimony, does not indicate that either Georgia Lee Norwood or the appellant was in imminent danger of receiving great bodily harm at the hands of the deceased at the time that the appellant shot the deceased, or that there was reasonable ground for the appellant to apprehend a design on the part of the deceased to do some great personal injury to Georgia Lee Norwood, or that there was imminent danger of such design being accomplished. The testimony showed that the deceased and Georgia Lee Norwood had been friends until sometime shortly prior to the shooting; that Georgia Lee had apparently transferred her affections from the deceased to the appellant; and that the deceased resented Georgia Lee's fondness for and association with the appellant. It is true that the appellant's witnesses testified that the deceased had made a threat that he was going to beat Georgia Lee, or whip her, and that if the appellant attempted to interfere he would beat him too. But there was no proof in the record to show that the deceased had at any time made any threats to take the life of Georgia Lee or the appellant, and █ the actions of the deceased immediately prior to the shooting did not indicate a design on the part of the deceased to take the life of either Georgia Lee or the appellant, or to do great bodily injury to either of them. The deceased was unarmed, and while he had slapped Georgia Lee two or three times, the blows struck were not of such a nature as to justify the appellant in believing that the deceased intended to kill Georgia Lee or to inflict great personal injury upon her. The blows that were struck inflicted no bruises.

There was no flow of blood. The appellant had a right to intervene for the purpose of preventing further injury to George Lee at the hands of the deceased. But the appellant had no right under the circumstances related by the eyewitnesses to shoot the deceased; and the court was amply justified in refusing to grant the peremptory instruction requested.

The appellant's second contention is that the court erred in granting the State's instruction No. 4, which was as follows: "The court instructs the jury for the State that the great bodily harm sufficient to justify killing in this case does not mean mere injuries inflicted by hands and fists."

The appellant's theory of the case was presented to the jury in twelve instructions. In appellant's instruction No. 5 the jury was told if they believed from the evidence that the deceased was making an assault upon Georgia Lee Norwood, and that the defendant had reasonable ground to apprehend a design to commit a felony or to do some great personal injury to Georgia Lee Norwood, and that there was imminent danger of such design being accomplished, then the defendant had a right to kill the deceased in defense of Georgia Lee Norwood. The appellant contends that the court in granting the State's instruction No. 4 singled out the assault upon which the appellant was entitled to rely as a justification for the killing and in effect told the jury that the assault did not constitute reasonable ground for the appellant's believing that the deceased designed to kill Georgia Lee or inflict great bodily injury upon her.

But the State's instruction No. 4, when considered along with the other instructions granted by the court, was clearly a correct statement of the law as applied to the facts in this case. The assault that the deceased was committing upon Georgia Lee Norwood constituted no more than a misdemeanor. A mere assault with the hand or the fist, as stated by the Court in the case of

Cook v. State, 194 Miss. 467, 12 So. (2d) 137, usually indicates that the assailant intends only to inflict a beating on the one assaulted—inflict pain and humiliation, but not great bodily harm. The appellant could not justify the shooting of the deceased by merely showing that the deceased had slapped Georgia Lee two or three times with the hand and had struck her one time with the fist and was threatening to strike her again. The appellant was standing only six or eight feet away from the deceased at the time he fired the fatal shot. The appellant, as we have stated, had a right to intervene for the purpose of putting an end to the assault, and to use such reasonable force as might be necessary to protect Georgia Lee from further injury at the hands of her assailant. But the appellant could lawfully use no more force than was necessary to stop the assault.

In the case of a mere affray or beating with the fist, it cannot be said that it is necessary for a third person to resort to firearms or to take human life for the purpose of protecting one combatant from being injured by the other, unless some special circumstances are shown to exist which make it necessary to kill to protect the life of the person assaulted; and no such special circumstances were proved in the case that we now have before us. There was no great disparity in size between the deceased and the appellant, such as was shown in the case of Hill v. State, 94 Miss. 391, 49 So. 145, which is cited in appellant's brief. The assault which the deceased had made upon Georgia Lee was not attended by any acts of brutality. The appellant testified that he thought that the deceased was going to hurt the girl; that he told the deceased not to slap her again; and that after the deceased had slapped her again he shot the deceased. We do not think that under these circumstances the giving of the State's instruction No. 4 constituted reversible error.

The judgment of the lower court is therefore affirmed.

Affirmed.