HOLLAND *v.* MARTIN, et al.

Jan. 28, 1952.

No. 38140 (56 So. (2d) 398)

On Suggestion of Error.

Apr. 14, 1952 (58 So. (2d) 62)

(1)

2

**Adams & Long**, for appellant.

E. K. Windham, and Lumpkin, Bacon & Owen, for appellees.

**Holmes, J.**

The appellant brought this suit in the Circuit Court of Prentiss County against Sale Martin, Sheriff of Prentiss County, and American Surety Company of New York, surety on his official bond, seeking to recover actual and punitive damages in the total sum of $50,000. Liability

was predicated upon the claim that the sheriff, in wrongfully undertaking to arrest the appellant for a misdemeanor, maliciously attacked and assaulted the appellant by beating him over the head with a pistol and shooting him twice in the leg, inflicting upon him serious and permanent injuries. At the conclusion of the testimony, the appellant was refused a requested peremptory instruction and the case was submitted to the jury on the theory as announced in given instructions, that if the sheriff struck and shot the appellant in necessary self-defense, real or apparent, or in the use of only such force as was necessary to effect his arrest, the verdict should be for the defendants. The jury returned a verdict for the defendants and judgment was entered accordingly, and from this judgment the appellant prosecutes this appeal.

The testimony on behalf of the appellant showed substantially the following: That on or about September 3, 1948, at about sundown or just before dark, he was driving his model A Ford automobile on new highway 49, proceeding in a northerly direction. He stopped at Moore's Store, which is situated at the intersection of old highway 49 and new highway 49, and called to the proprietor, Mr. Moore, to bring him two pounds of bologna. While he was sitting in his car, the sheriff drove up to the right of him, riding in a car with his wife. He asked the appellant if he knew that his taillight was not burning and appellant replied that he knew that it was not burning and for that reason he was trying to get off the highway before dark. The sheriff then asked appellant who he was and appellant told him. The sheriff then asked to see his driver's license and as he was getting it out of his wallet, the sheriff reached into the car and caught the appellant by the arm and told him to get out, saying that he was going to take him to jail. As appellant was in the act of getting out of the car, the sheriff struck him twice with his gun over the head and the gun discharged into the ground and the sheriff then shot him

twice, hitting him once in the knee and once in the leg about four inches above the knee.

The testimony offered by the sheriff and his wife was to the effect that he and his wife were proceeding north in a 1947 Ford automobile on highway 49 on the evening in question and that the appellant passed them in his automobile; that the sheriff observed that the appellant had no taillight and that when the appellant stopped at Moore's Store, he, the sheriff, drove up near him and asked him if he knew that his taillight was not burning; that the appellant replied, ''Hell, yes, I know it, what else do you want to know''; that the sheriff then asked appellant if he had a driver's license and that appellant replied, ''Hell, yes, I have got one''; that the sheriff told the appellant to show his driver's license and that the appellant got out of the car and reached to get his pocketbook and that the sheriff then told him to stop cursing, that there were ladies present, and further told him that he was arresting him for cursing and for the manner in which he was acting; that a scuffle then occurred and the appellant hit the sheriff and the sheriff hit the appellant over the head with his gun and that the appellant then started on the sheriff and the sheriff shot in the ground; that appellant continued to advance on him and he shot him in the leg. The sheriff further claimed that appellant struck him twice, once on his neck and once on the side of his head. The sheriff admitted shooting the appellant twice, claiming that if the appellant had not resisted him and made an attack on him, he would not have shot him. It is undisputed that the appellant was wholly unarmed. The record discloses no evidence of such disparity in size or physical strength between the appellant and the sheriff as warranted the sheriff in reasonably anticipating great bodily harm or death at the hands of the appellant.

It is the contention of the appellant that the trial court erred in refusing to grant his requested peremptory instruction. Assuming the testimony on behalf of the sheriff

to be true and assuming it to be true also that the sheriff had the right to arrest the appellant for a misdemeanor committed in his presence, the question is presented as to whether or not the sheriff was justified in resorting to the use of firearms in overcoming the appellant's claimed resistance to arrest. It was said in the case of State, to Use of Johnston v. Cunningham, 107 Miss. 140, 65 So. 115, 117, as follows: ██ ██ ''There can be no question that a sheriff and the sureties on his official bond are liable in a civil action for damages arising from the intentional or negligent shooting of a misdemeanant who flees to avoid arrest. ██ ██ The officer owes to the fugitive the duty to exercise care and precaution not to injure him. He must not intentionally shoot a misdemeanant who is a fugitive, nor must he discharge a firearm while in pursuit, in such a manner as to cause such fugitive injury.'' The rule is well recognized that ██ ██ in arresting or preventing the escape of a misdemeanant, an officer may exert such physical force as is necessary to effect the arrest by overcoming the resistance he encounters, but he can not take the life of the accused or inflict upon him great bodily harm except to save his own life or to prevent a like harm to himself. Brown v. Weaver, 76 Miss. 7, 23 So. 388, 42 L. R. A. 423. In the case of Hill v. State, 94 Miss. 391, 49 So. 145, 146, the Court said: ''It is doubtless true that ██ ██ one may not, ordinarily, repel the attack of an unarmed man, who is not his superior in physical power by killing him, because in such case the two men, being of equal size and physical strength, the attack of one upon the other, without a deadly weapon, does not furnish to the one attacked reasonable ground to anticipate danger to life or the infliction of great bodily harm.'' Again it was held in the case of Smith v. State, Miss., 6 So. (2d) 134, that ██ ██ a killing may not be justified on account of apprehension which is reasonably no more than that some minor battery might be inflicted upon the defendant.

██ ██ Since the proof in this case is wholly undisputed

that the sheriff intentionally shot the appellant on the occasion in question not only once, but twice, and that at the time the appellant was wholly unarmed, and since the record does not disclose such disparity in size and physical strength between the appellant and the sheriff as justified the sheriff in reasonably anticipating great bodily harm or death at the hands of the appellant, we are of the opinion that the sheriff was not afforded reasonable grounds to apprehend the infliction of great bodily harm upon him or death at the hands of appellant, and it follows, therefore, that we are of the opinion that the sheriff was not justified in striking the appellant with his pistol and shooting him under the facts as disclosed by this record. We think, therefore, that the peremptory instruction requested by the appellant should have been granted. Accordingly, the judgment of the trial court is reversed and judgment is rendered here for the appellant on the issue of liability, and the cause is remanded for trial only on the issue of compensatory damages. We are of the opinion that the facts of this case are not such as to warrant the allowance of punitive damages.

Reversed and judgment here on issue of liability and remanded for trial only on the issue of compensatory damages.

**McGehee, C. J.,** and **Lee, Kyle,** and **Arrington, JJ.,** concur.

ON SUGGESTION OF ERROR.

**McGehee, C. J.**

Appellee urges with much seriousness a suggestion of error in this case and expresses concern lest the opinion of the Court herein will restrain and restrict law enforcement officers in the proper discharge and performance of their official duties. We find no basis for such concern.

The opinion rendered in this case announces no new

principle of law. We have repeatedly condemned the reckless and unnecessary use of firearms by officers in dealing with misdemeanants. We have held that an officer is not justified in shooting a fleeing misdemeanant in order to prevent his escape. We have also held that an officer is not justified in resorting to the use of firearms in attempting to arrest a misdemeanant except to protect himself from reasonably apparent bodily harm or death at the hands of the misdemeanant. On the other hand, we have held that an officer, in attempting to arrest a misdemeanant, may use such force as is necessary to overcome the resistance which he encounters, but is not justified in resorting to the use of firearms except to protect himself from reasonably apparent great bodily harm or death at the hands of the misdemeanant. It has been the law of this State for more than sixty years as announced in the case of Hall v. State, Miss., 1 So. 351, that one may not repel the attack of an unarmed man not his superior in physical power by slaying him, since such attack does not furnish reasonable grounds to anticipate danger to life or great bodily harm. An officer may, of course, resort to the use of firearms to subdue a misdemeanant whom he is attempting to arrest if it is reasonably apparent to the officer that by reason of the disparity in size and strength between him and the misdemeanant he is in danger of suffering great bodily harm at the hands of the misdemeanant, and this even though the misdemeanant may be wholly unarmed. It is not necessary, of course, as argued by the appellee, that the officer shall first engage in physical combat with the misdemeanant to determine the disparity in size and physical strength between them. The officer may act upon reasonable appearances, but the danger of death or great bodily harm because of such disparity in size and strength must be reasonably apparent to the officer situated as he is then situated, and the justification of the officer upon such grounds must be supported by proof. There was no such proof in this case.

We recognize the fact that an officer must of necessity be the aggressor in undertaking to arrest a misdemeanant, and that he stands on a different footing from one acting in an individual capacity, and can not be deprived of the right of self-defense merely because he is the aggressor. He is still, however, not justified in resorting to the use of firearms to repel the attack of an unarmed misdemeanant not his superior in physical strength and power, since such attack does not furnish reasonable grounds to anticipate danger to life or great bodily harm.

These principles have long been recognized as the law of this State and we think that instead of furnishing or affording a restraint or restriction upon law enforcement officers in the proper discharge and performance of their official duties, they afford an additional safeguard for the officers in justifying their resort to firearms for the purpose of overcoming resistance to the arrest of an unarmed misdemeanant. In thus applying the law which has been recognized in the State for a long period of years, we think that it should create no apprehension or concern that law enforcement officers will, by its application, be improperly restricted or restrained in the proper discharge and performance of their official duties.

In a supplement to the suggestion of error, the appellee contends that the case of State of Mississippi for use of Smith v. Broom, Miss., 58 So. (2d) 32, is in conflict with and overrules the opinion heretofore rendered in the case at bar. We do not concur in this contention. The two cases are clearly distinguishable. In the Smith case there was no resort to the use of firearms; there was evidence of great disparity in size and physical strength between the misdemeanant and the arresting officer; there was a plain conflict in the evidence on the question as to whether or not the officer used only such force as was necessary to effect the arrest and prevent the infliction of great bodily harm upon him. In the case at bar, there was no proof of great disparity in size and physical strength between the

misdemeanant and the arresting officer; there was no dispute of the fact that the misdemeanant was wholly unarmed; there was no dispute of the fact that the officer struck the misdemeanant over the head with his pistol and shot him twice in the leg. This presents an entirely different case on the facts from the Smith case, supra, since on the record as made in the case at bar, appellee was not furnished reasonable grounds to apprehend danger to life or great bodily harm such as to justify him in shooting the appellant.

The suggestion of error is accordingly overruled.

Suggestion of error overruled.

**Lee, Kyle, Holmes,** and **Arrington, JJ.,** concur.