NICHOLS *v.* VANDEVANDER, et al.

No. 39604          April 11, 1955          79 So. 2d 271

*Kellner & Kellner,* Greenville, for appellant.

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellees.

HALL, J.

Appellant brought this suit against a constable and the surety on his official bond for personal injuries sustained by reason of an alleged assault and battery upon him by the constable. The jury returned a verdict for the appellees, and appellant contends that he was entitled to a peremptory instruction, or, at least, that his motion for a new trial should have been sustained because the verdict was against the overwhelming weight of the evidence. We do not agree with either contention.

Appellant was his only witness as to what occurred on the occasion in question. Notwithstanding the fact that his brother and two nephews were present, he chose not to use either of them as a witness. Appellee relied not only upon his own testimony but also that of eight other witnesses. The facts which the jury was warranted in believing and finding from the evidence are as follows: Appellant, in company with his brother and two nephews, went to a cafe about 2:30 p. m. There they remained drinking beer and playing the juke box until about 9:30 p. m. Shortly before the latter hour the liquid refreshments became effective. Appellant and one of his nephews got in an argument as to which was the stronger. They waxed eloquent with cursing and vile language and became engaged in a fight in which appellant was thrown against a freezing unit and then upon the concrete floor. The melee got so rough that the lady who owned and operated the cafe fainted and had to be laid out on a cot. Being unable to stop the conflict she sent for the constable who arrived after appellant had been moved to the outside by his brother and after the front door had been latched. When the constable arrived appellant was trying to break into the front door, and upon being questioned he agreed to go home with his brother and went to his car which was parked in front of the cafe. The constable went inside the place to ascertain if the owner and operator of the place wanted to prefer charges

against anyone and upon being advised that she only wanted to stop the fighting and cursing and get the parties away from her place of business, the constable went back out the front door. Thereupon appellant headed for the constable in a fighting manner and at the same time was hurling vile epithets at the constable and the law in general with his hand in position to deliver a "hay maker" upon the constable. The constable stood his ground and when appellant was in reach of him he struck appellant three or four blows with a black jack or policeman's club. Appellant was not knocked down, but, either by one of the blows from the club or by his falling against the ice box or floor, appellant's ear was injured.

Appellant relies solely on what was said in the case of Holland v. Martin et al., 214 Miss. 1, 56 So. 2d 398 and 58 So. 2d 62. We do not think that case applicable. The court was there dealing with an unwarranted attack with firearms by a sheriff upon an unarmed misdemeanant. The issue presented in the present case was submitted to a jury and was by the jury decided against appellant. Under the facts presented we are not authorized to interfere with the verdict and judgment.

Appellant also complains of the refusal of an instruction which embodied the principles stated in Holland v. Martin, supra, but, as we have already indicated, we do not think the principles in that case are applicable here.

There is also complaint at the action of the trial court in refusing an instruction to appellant on the burden of proof and in the granting of one to appellees on the same subject. We think the trial court was correct and the judgment of the lower court is accordingly affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.