## BROWN *v.* STATE

No. 40084 May 7, 1956 87 So. 2d 84

*R. O. Arrington, Jr.,* Hazlehurst, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Appellant Brown was convicted of reckless driving of an automobile in violation of Section 8175, Miss. Code 1942.

On this appeal he urges, first, that the lower court erroneously permitted the deputy sheriff to testify orally that he had a search warrant at the time he undertook to stop and apprehend appellant, and, second, that under the state of the record here appellant was not guilty of any crime.

The questions are grounded in this state of facts: Mr. P. B. Burney, a deputy sheriff of Copiah County, testified that he was in Georgetown, said county, in the company of the mayor of the town, and that Brown drove up in a 1954 Ford pickup truck; that he, Burney, had in his possession a search warrant. We will assume the warrant, if it existed, was directed to the search of the motor vehicle being driven by Brown, although this is nowhere stated. The testimony is simply that the deputy sheriff had a search warrant. When Brown got within about two hundred feet of Burney and the mayor, Burney flagged Brown to stop. Brown was driving fifteen to twenty miles per hour. Instead of stopping Brown kept going; whereupon Burney and the mayor each shot twice at the truck with pistols. Burney said they were trying to puncture the tires on the truck and force Brown

to stop. However, they did not hit the tires and Brown did not stop. Instead, he began to drive faster; whereupon Burney quickly got into his automobile standing nearby and began to chase Brown. Burney said he increased his speed to something like seventy-five or eighty miles per hour and that Brown was driving faster than he was. In other words, Brown was putting distance between himself and his pursuer. This continued for some five to six miles, when Burney gave up the chase and turned back to his original destination. This action on the part of Brown constitutes the reckless driving charged to be the criminal offense.

██ ■ Now as to proof of the existence of the search warrant. This was an oral statement by Burney that he had in his possession a search warrant when he undertook to "flag" Brown. Defendant objected to that, insisting that the warrant itself was the best evidence of its existence and terms, and that the original should be offered in evidence, or proof be made that it was lost, or could not be produced,—in other words, that proper showing be made to justify admission of secondary proof of the existence of this written document and its contents and the power and authority vested by it in the officer. We think the contention is welltaken. The announced rule was recognized in Mitchell v. State, 139 Miss. 108, 103 So. 815. Defendant had a right to see and examine this writ to determine its legality and the powers conferred by it upon the officer. The writ might have been illegal and void, or if legal, it might not have described, as an object of its search, the vehicle then being driven by defendant.

██ ■ As to the action of defendant in attempting to flee from the officers, it will be noted that, under the rule and state of the evidence just set out, the officer, in legal effect, had no warrant for his arrest. Defendant was not committing any crime, misdemeanor or felony, in the presence of the officers. Nor is it claimed by the

State that defendant was engaged in the commission of any crime at the time of the attempt to stop him, or that he had theretofore committed any crime, or that the officers had cause to think he had committed, or was then committing, a crime. Nor is it shown that the defendant knew who the officers were who attempted to stop him, or, for that matter, that they were officers. The case then is reduced to this: Defendant drives into the village of Georgetown, which is his home, at about twenty miles per hour; he has committed no crime; at the time he is violating no law; two men, without possession of any authority, undertake to stop him; he continues, whereupon each of the two men shoot at him, or his vehicle, twice, making four pistol shots in all, he continues to drive away; whereupon one of the men jumped into an automobile and pursues him, and during that pursuit he drives his motor vehicle faster than the legal speed limit, all as a result of then being purused by one who had tried to shoot him or the vehicle in which he was riding. Is such a defendant guilty of a crime? We do not think so. Johnson v. Cunningham, 107 Miss. 140, 65 So. 115; State for Use of Holmes v. Pope, 212 Miss. 446, 54 So. 2d 658; Holland v. Martin, 214 Miss. 1, 56 So. 2d 398; Suggestion of Error Overruled, 214 Miss. 10; 58 So. 2d 62; 4 Am. Jur. 54, Section 78; Edgin v. Talley (Ark.) 276 S. W. 591, 42 A. L. R. 1194; State v. Boggs (W. Va.) 106 S. E. 47. In the Edgin v. Talley case, the Court held that a peace officer was not justified in shooting at an automobile as a ruse to stop the flight of the driver whom he is attempting to arrest for driving the car when in an intoxicated condition. In State v. Goggs, supra, the Court held that an officer who orders a traveler on the highway to stop, for the purpose of ascertaining if he is the person whom he is seeking, is not justified in shooting, where the traveler simply refuses to obey the command and pursues his journey hurriedly in such manner as to lead the

officer to believe that he is a misdemeanant intending to escape. The case of the State for the Use of Holmes v. Pope, et al., is as near in point of fact to the case at bar as we have found. In that case, the officers shot at and hit the tires of a fleeing motorist. The questions, whether the officers were firing at the defendant or at his automobile generally, or was firing alone at the tires of the car to stop defendant's flight, were submitted to the jury, and that action was approved by this Court on appeal. However, the fleeing party in that case was actually committing a crime in the presence of the officers. No such fact existed in this case. We restrict our holding to the facts of this case. The officers had no right to fire pistols at the automobile of defendant, or even at the tires, under the circumstances here, and his action in trying to get out of danger and his fleeing from pursuing officers in the manner indicated did not render him guilty of the crime of reckless driving, under the facts of this case.

Reversed and appellant discharged.

*Lee, Holmes, Ethridge* and *Gillespie, JJ.,* concur.