SMITH, Justice:
Sherman Larue Lambert was tried in the Circuit Court of Lincoln County on an affidavit charging that he did “speed with a *732 car and reckless driving and resisting arrest by running.” He was convicted of reckless driving [Mississippi Code 1942 Annotated section 8175 (1956)] and sentenced to pay a fine of $100. He appeals from that conviction and sentence.
The affidavit furnished no clue as to the reckless act or acts of Lambert in or about the operation of his vehicle which constituted the offense of “reckless driving.” The proof offered to support the charge also was vague.
The prosecuting witness was a constable. He lived in a rural section of the county beside a narrow gravel road. On the night of the incident out of which the present prosecution arose, he had returned home at about 10:30 or 11:00 o’clock. It was quiet there in the country at that hour of the night and he said that he heard a car approaching along the gravel road a considerable distance away, which “sounded” as if it were traveling at a “tremendous speed.” He got his pistol and flashlight and stationed himself on the side of the road. He first observed the car as it rounded a curve some 100 yards away. This was open country, the general statutory speed limit of 65 miles per hour applied and there was no other traffic. Although the constable had said that the car “sounded” as if it was traveling at “tremendous” speed, (when he had heard it in the distance), when it came into sight it was not speeding. However, in negotiating the curve it slid in the gravel somewhat to its left. Waving his light and pistol the constable called on the driver, who is the appellant here, to stop. The appellant, not recognizing in the person of the constable the majesty-of the law, and mindful of the hazards involved in stopping on a lonely road at night at the hail of an unknown gunman, declined to do so. Whereupon, the constable fired his pistol, (firing first into the air, he said), but this merely increased appellant’s alarm and caused him to hasten from the scene. The constable gave chase in his own “red and white Buick Wildcat” (which he had equipped with a red light and siren) firing at appellant’s fleeing automobile all the while. Some of his shots struck the appellant’s car, while others, of the several fired, missed. Fortunately for all concerned, no one was shot.
When pressed to state the offense for which he was attempting to stop appellant, the constable said that it was for appellant’s “reckless driving” in sliding in the gravel to the left as he rounded the curve. It is clear, however, from the testimony of this witness that, if appellant was guilty of anything, it was simple negligence at most. There was no evidence capable of supporting a finding that appellant, at the time, was operating his automobile in a manner evincing a wilful or wanton disregard for the safety of persons or property. In Sanford v. State, 195 Miss. 896, 898, 16 So.2d 628, 629 (1944) this Court said:
At most, he was shown to be guilty of mere negligence, and liable only in a civil action. It was evidently not the purpose of the statute here involved to punish as criminal such acts of simple negligence, or even where gross negligence is shown, in traffic accidents unless it is of such character as to evince a wilful or wanton disregard for the safety of persons or property on the highways. By this, we do not mean, however, that no conviction can be allowed to stand in any case where the accused is not shown to have been driving at an excessive or dangerous rate of speed. Each case must be determined on its own facts. There may be other circumstances indicating the wilful or wanton attitude of the accused, not present in the case at bar.
Moreover, appellant was justified in speeding away and “resisting arrest by running from an officer” when the latter was unlawfully firing at him with a pistol and his actions in doing so did not render him guilty of reckless driving. Brown v. State, 227 Miss. 823, 87 So.2d 84 (1956).
Under the principles laid down in the Sanford and Brown cases, supra, the conviction of appellant for reckless driving *733 will be reversed and the appellant discharged.
Reversed and appellant discharged.
GILLESPIE, P. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.