PATTERSON, Justice:
This is a damage suit from the Circuit Court of Adams County where a jury by its verdict denied recovery to the plaintiff, as well as to the defendant, counterclaim-ant. The suit began as the result of an altercation between the parties subsequent to a football game.
Plaintiff alleged that the defendant struck him with his fist, knocking him unconscious, resulting in a concussion, a broken jaw, and impaired hearing, necessitating great medical expenses, etc.
The defendant admitted that he struck the plaintiff, but denied that the blow was *334 struck in the commission of an assault and battery. He claimed that while he was involved in an argument with the head coach of Pascagoula High School after the football game, he was restrained and held defenseless from behind by someone while the plaintiff assaulted him. After freeing himself from the restraining grasp, and as he fell to the ground, he swung at the plaintiff and struck him on the head.
The defendant maintained that the injuries sustained by the plaintiff resulted from his exercising his right of self-defense against the plaintiff. He also filed a counter-claim charging the plaintiff with assault and battery for which he sought recovery by way of actual and punitive damages.
The record reveals sharply conflicting evidence as to the details of the altercation. However, it is apparent from the defendant’s admissions that he assaulted Ed Lang-ford, the head football coach of the Pasca-goula team. It is also apparent that the plaintiff, an assistant football coach for the Pascagoula team, intervened subsequent to the blows inflicted or sought to be inflicted upon Langford. The question to be determined is whether the plaintiff had the legal right to intervene and, if so, the degree of physical danger that the third party, Langford, must have been subjected to before the right of intervention arose.
The plaintiff contends that he had the right to intervene to terminate the affray or to prevent it from recurring, and in so doing he had the lawful right to use such force as was necessary to accomplish this purpose. He insists, therefore, that the instructions granted by the court to the defendant, which required that the third party be in “imminent danger of great bodily harm” before he could lawfully intervene, were erroneous and prejudicial to him.
The defendant and counter-claimant, however, contends that the appellant had no right to intervene since the person assaulted was not a member of the plaintiff’s family nor related to him in any way and there was no socially recognized duty for appellant to protect him. He therefore contends that the instructions which required Langford to be in danger of “great bodily harm” before the right of intervention arose, presented to the jury the proper theory of law for guidance in deliberating its verdict, hence, the instructions were proper rather than prejudicial. He further contends that the court erred in excluding evidence offered by him in mitigation of damages which related to a football game played the preceding year and his anger resulting therefrom which was rekindled by the game immediately preceding the altercation.
The research of the attorneys indicates that Mississippi has not specifically adopted a rule with regard to the situations wherein a third party might intervene in an altercation. We adopt as sound the rule expressed in 1 Restatement of the Law, section 141 (2d ed. 1965) as follows:
Affray or Similar Breach of Peace.
Either a peace officer or a private person is priviledged to use force against another or to impose confinement upon him for the purpose of terminating or preventing the renewal of an affray or an equally serious breach of the peace which is being or has been committed in the actor’s presence or of preventing such other from participating therein, if
(a) the other is or the actor reasonably believes him to be participating or about to participate in the affray, and
(b) the confinement or force is not intended or likely to cause death or serious bodily harm, and
(c) the actor reasonably believes that the force or confinement is necessary to prevent the other from participating in the affray or other equally serious breach of the peace.
The record reflects that the affray began as the result of the defendant’s actions in striking, or striking at, the head *335 coach of the Pascagoula team. The question remaining, other than damages in the event of a finding of liability, for the jury to decide was whether there was reason for the plaintiff to believe that the assault was in progress at the time of the intervention or, if it had ceased, whether he reasonably believed it was about to recur. In either event the rule adopted negates the necessity of the third party being in imminent danger of great bodily harm. We are therefore of the opinion that the use of the instructions which measured the right of intervention by the standard of great bodily harm, was erroneous and prejudicial to the plaintiff, requiring the cause to be reversed. .
We think it not inappropriate to reiterate that which is stated in the adopted rule that the application of force by the lawful intervenor may not exceed that which is reasonable to end the affray or to prevent it from recurring. See as persuasive Fortenberry v. State, 213 Miss. 116, 56 So.2d 56 (1952), and Prosser on Torts, Defenses to Intentional Interference with Person or Property, chapter 4, section 20 (3d ed. 1964).
The defendant contends that the court erred in not admitting into evidence testimony concerning his anger resulting from incidents occurring in a game played between the same teams the previous year, which was refreshed by the game leading to the assault. We realize the emotions of an avid football fan (the defendant missed one home game in twenty-one years due to illness) are often volatile and on occasion more serious than laymen imagine; yet we are constrained to the opinion that the passage of time from one football season to the next affords sufficient opportunity for anger or passion to cool. For this reason we find no error in the exclusion of this evidence. We stated in Martin v. Minor, 50 Miss. 42, 45 (1874) the following:
What is done under the influence of passion, provoked by the opposite' party at the time of the assault, is proper to be considered by the jury in extenuation of the offense. But what is done a day or two after the provocation received, is not the result of that passion, but'is the deliberate infliction of vengeance for an injury real or supposed; and this spirit of retaliation, however consonant it may be to the customs of society, the law does not countenance or tolerate.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY, and SMITH, JJ„ concur.